RICHARD C. JOHNSON et al., Plaintiffs-Appellants, v. SECURITY IN-SURANCE COMPANY OF HARTFORD et al., Defendants-Appellees.

Second District No. 84—0590

Opinion filed August 2, 1985.

G. Alexander McTavish and John S. Noble, both of Ruddy, Myler, Ruddy & Fabian, of Aurora, for appellants.

Linda Unger and Joseph Gianelli, both of Conklin & Adler, Ltd., of Oak Brook, for appellees.

JUSTICE HOPF delivered the opinion of the court:

Plaintiffs, Richard C. Johnson and Exac, Inc., brought an action against defendants, Security Insurance Company of Hartford (Security) and Warren Rogers, an agent for Security, seeking recovery under Security's policy for damages to plaintiffs' aircraft sustained during an emergency landing and for indemnification against third-party claims. Both plaintiffs and defendant Security filed motions for sum-

mary judgment. The court denied plaintiffs' motion and granted Security's.

Plaintiffs appeal from the trial court's summary judgment orders, contending that Security should not have been allowed to deny coverage for the damage to their airplane because (1) at the time of the accident the individual piloting the aircraft was "properly certificated, rated and qualified for the operation involved" within the meaning of exclusion 2(b) of the insurance policy; (2) the provisions of the approved pilot's endorsement are irreconcilable with those of exclusion 2(b) and, therefore, the exclusion, which appears in the printed portion of the policy, must yield to the typewritten endorsement; (3) a causal connection must exist between the excluded conduct and the cause of the loss of the aircraft in order to invoke a policy exclusion; and, (4) Security is estopped to assert as a defense to coverage a claim that the flight was undertaken in violation of the student pilot's endorsement pertaining to approval of such a flight by a flight instructor, but even if Security is not estopped, coverage exists since the flight did not violate the endorsement.

Between 6 and 6:30 p.m. on March 4, 1982, Katherine Ann Johnson, a student pilot, possessing a valid student pilot's certificate and medical certificate issued by the Federal Aviation Administration, took a flying lesson with her instructor, John Hagy, in a 1976 Cessna owned by her father's corporation, Exac, Inc. After a short lesson, she and Hagy returned to the Aurora Municipal Airport. Hagy left the airplane while Ms. Johnson waited in the plane for a friend, Larry Christensen, to pick her up after the lesson. Upon Christensen's arrival, Johnson asked him if he would like to go flying. Christensen agreed and the two took off, heading toward Aurora. At the time of their take-off the Cessna's fuel gauge registered approximately one-fourth full.

About 20 minutes into the flight Johnson realized she was lost and disoriented. She contacted the Chicago Flight Service Station for assistance and was directed by the controllers to proceed to the Du Page County Airport. En route, Johnson exhausted her supply of fuel and had to attempt an emergency landing in an open field. As a result of the landing, the aircraft was severely damaged, resulting in a total loss. Johnson and Christensen received only minor injuries. Also, property owned by Illinois Bell Telephone Company and Commonwealth Edison Company was damaged in the crash.

At the time of the crash the aircraft was owned by Exac, Inc., an Illinois corporation in the business of renting the aircraft to the public. The sole shareholder of Exac, Inc., and the named insured under a

policy of insurance issued by Security was Richard C. Johnson. A claim was filed by plaintiffs, Exac, Inc., and Johnson, for the loss of the aircraft. Security conducted an investigation into the circumstances surrounding the accident and concluded that the loss was not covered under the terms of the policy. As a result, plaintiffs initiated this lawsuit for the loss of the aircraft and for the defense and indemnification of plaintiffs against third-party claims under the personal liability and property damage liability portions of the policy.

Subsequently, plaintiffs filed a motion for summary judgment on count III of their complaint. Count III prayed the trial court to declare that plaintiffs' coverage under Security's insurance policy extended to third-party actions brought against plaintiffs as a result of the emergency landing of plaintiffs' aircraft. Defendant Security filed a motion for summary judgment on counts I and III. Count I sought judgment ordering Security to pay for the loss of the aircraft. In turn, plaintiffs filed an amended motion for summary judgment to include the issue of liability on count I. Plaintiffs also submitted the affidavits of Katherine Johnson and John Hagy, Johnson's flight instructor, and portions of the deposition of Richard Johnson. Defendant also submitted a portion of Richard Johnson's deposition.

The cross-motions were argued before the trial court which then took the motions under advisement. Subsequently, the court entered its order denying plaintiffs' motion for summary judgment and granting defendant's, giving no specific reasons for its findings.

Among plaintiffs' contentions is their claim that exclusion 2(b) is irreconcilable with the provisions of the approved pilot's endorsement in the policy and, therefore, the printed exclusion must yield to the typewritten endorsement. Consequently, plaintiffs theorize that their compliance with the terms of the pilot's endorsement should have resulted in a finding in plaintiffs' favor. The typewritten endorsement provides in relevant part:

> "In consideration of the premium for which this Policy is written, it is understood and agreed that the coverage afforded by this Policy shall apply only while the aircraft is operated in flight by the pilot(s) designated below and then only if the said pilot(s) is properly certificated and rated by the F.A.A. as shown below, has the minimum flying experience, all as indicated below, and in addition holds a valid and current medical certificate of the appropriate class:
>
> * * *
>
> (2) *Any person* providing he holds a Certificate designating him a:

xx    Student Pilot, provided that each flight while a Student Pilot shall be under the direct supervision of and be specifically approved by a Certified Flight Instructor."

Security maintains that coverage for plaintiffs' loss should be denied because at the time of the crash Ms. Johnson was flying without the direct supervision and approval of a certified flight instructor as required by the pilot's endorsement of the policy. Security argues that Ms. Johnson admitted that her certified flight instructor was not present at the airport at the time of the subject flight and had not specifically approved a solo flight. This, however, is not an entirely true statement. In her affidavit Ms. Johnson stated that after her flying lesson with her instructor, Hagy, he left the airplane while she remained within. No statement indicating that Hagy left the airport appears in her affidavit, and from the record there is no way to conclude whether or not he was still present at the airport at the time Ms. Johnson took off with Christensen aboard.

Also, Hagy, a certified flight instructor, swore in his affidavit to the fact that it was the standard practice of flight instructors, and of himself in particular, to approve certain types of flight practice to be conducted alone by a student pilot. At the time of the accident Ms. Johnson had been qualified for and had engaged in solo flight. Also, she had Hagy's approval to fly the aircraft in question at her own convenience and to practice certain designated activities, e.g., takeoffs and landings, various turns and stalls, and to make trips of up to 25 miles away from the airport. Hagy's affidavit also indicated that Ms. Johnson had approval to make these solo flights without first consulting with him or without him being physically present.

■ Thus, it would appear at first glance that Ms. Johnson met the requirements of the typewritten endorsement. However, Hagy's affidavit specifically referred to the fact that the type of flights for which Ms. Johnson had his blanket approval and for which she was qualified to conduct without his presence were "solo" flights. As Security points out, the Federal Aviation Regulations (F.A.R.) defines solo flight as "that flight time during which a student pilot is the sole occupant of the aircraft ***." (14 C.F.R. sec. 61.87 (1985).) Since Ms. Johnson was not the sole occupant of the aircraft at the time of its loss, she was not engaged in a "solo" flight and, thus, was not only in violation of Hagy's blanket approval but also in violation of the F.A.R. prohibiting student pilots from carrying passengers (14 C.F.R. sec. 61.89(a) (1985).) Consequently, we find that Ms. Johnson's failure to adhere to the terms of the pilot's endorsement resulted in a denial of coverage under Security's policy.

Moreover, we do not find convincing plaintiffs' contention that Security is estopped to assert as a defense to coverage a claim that the flight in question was undertaken in violation of the student pilot's endorsement pertaining to instructor approval. First of all, plaintiffs fail to cite any authority in support of their position but rather rely upon a portion of section 1665 of American Jurisprudence (44 Am. Jr. 2d *Insurance* sec. 1665 (1982)) to argue that the introduction of this additional defense has prejudiced their position and compelled them to contend with additional defenses. Second, before an estoppel may be found, there must be reliance resulting in prejudice to the party claiming estoppel. (*National Boulevard Bank v. Citizens Utilities Co.* (1982), 107 Ill. App. 3d 992, 1003, 438 N.E.2d 471.) Plaintiffs argue that Security, in its letter denying coverage, did not apprise plaintiffs of this additional defense nor raise it in its answer to plaintiffs' complaint but rather waited until 14 months into the lawsuit to advance it. However, Security maintains that it did not raise this defense earlier because it did not discover until after its denial of coverage that Ms. Johnson's flight was also in violation of the pilot's endorsement pertaining to instructor approval. Mere delay in disclaiming liability is not enough to constitute estoppel (*Old Mutual Casualty Co. v. Clark* (1977), 53 Ill. App. 3d 274, 279, 368 N.E.2d 702), and the party claiming estoppel has the burden of establishing it by clear, concise and unequivocal evidence. (*Allstate Insurance Co. v. Horn* (1974), 24 Ill. App. 3d 583, 588, 321 N.E.2d 285.) On the basis of the record before this court, it cannot be said that this burden has been met.

Our determination that coverage should be denied on the basis that the flight in question was undertaken in violation of the student pilot's endorsement pertaining to instructor approval obviates the need to consider the other matters raised by the plaintiffs.

Based on our decision above, we affirm the judgment of the circuit court of Kane County.

Affirmed.

NASH, P.J., and STROUSE, J., concur.