THE ENVIRONMENTAL PROTECTION AGENCY, Petitioner, v. THE POLLUTION CONTROL BOARD *et al.,* Respondents.

Third District   No. 3—84—0777

Opinion filed November 15, 1985.—Rehearing denied December 30, 1985.

Neil F. Hartigan, Attorney General, of Springfield (Jill Wine-Banks, Solicitor General, and James N. O'Hara and Robert E. Davy, Assistant Attorneys General, all of Chicago, of counsel), for petitioner.

Andrew H. Perellis and Dixie L. Laswell, both of Gessler, Wexler, Flynn, Laswell & Fleischmann, of Chicago, Michael T. Reagan, of Herbolsheimer, Lannon, Henson, Duncan & Reagan, P.C., of La Salle, and Roger C. Zehntner, of Chemical Waste Management, Inc., of Oak Brook, for respondents.

PRESIDING JUSTICE HEIPLE delivered the opinion of the court:

This is an appeal by the Environmental Protection Agency (EPA) from several orders of the Pollution Control Board (PCB). The real party in interest is Waste Management, Inc. (WMI), a dump operator.

The gist of this case is that WMI was denied a permit to open a new dump trench at the dump site; was denied 599 supplemental permits to dispose of 599 separate waste streams into this trench; and was directed to comply with certain specific operating conditions with regard to its groundwater monitoring system. The function of the groundwater monitoring system is to keep track of any substances that might leak from the dump trenches.

On review of the EPA determinations by the PCB, the PCB ordered the permit to issue for the new dump trench; ordered the supplemental permits to issue for the 599 separate waste streams that would be dumped into the trench; and struck certain conditions which the EPA had attached to the groundwater monitoring system.

We affirm the orders of the PCB.

■ EPA asserts that the PCB, in reviewing orders of the EPA, must affirm decisions of the EPA that are not contrary to the manifest weight of the evidence. This assertion is erroneous.

In a permit case, such as this, the process involving the EPA and the PCB is an administrative continuum. It became complete only after the PCB had ruled. The EPA permit denial did not involve the issuance of detailed findings of fact and conclusions of law. EPA is only required to give *reasons* for denial, the basis for which the applicant had no opportunity to challenge. WMI had no means of disputing any contrary evidence relied on by EPA until the PCB hearing was held. In short, as to the EPA hearing alone, there is nothing resembling a hearing where adversaries submit proofs to a neutral and detached

decisionmaker. The hearing before the PCB, however, includes consideration of the record before the EPA together with the receipt of testimony and other proofs under the full panoply of safeguards normally associated with a due process hearing. That is why, in this case, the PCB is not required to apply a "manifest weight" test to decisions of the EPA, and it is also why we, as a reviewing court, are required to apply a manifest weight test to decisions of the PCB. This decision is not inconsistent with the decision in *City of East Peoria v. Pollution Control Board* (1983), 117 Ill. App. 3d 673, 452 N.E.2d 1378, which involved a PCB review of a decision of a county board, since the type of hearing that the county board conducted pursuant to statutory authority was a full evidentiary hearing. (Ill. Rev. Stat., 1984 Supp., ch. 111½, par. 1039.2.) The *dicta* expressed in that opinion, however, which appear to be contrary to our ruling herein are rejected.

The record in this case exceeds 4,100 pages not including the exhibits. The abstract of record alone is 234 pages. The matters therein set forth are, in significant part, technical scientific matters involving the fields of chemistry, geology and hydrology. It would serve no useful purpose, either to the litigants or to the public at large, to delineate and detail that data in this opinion.

■ While there is conflict in the proofs, we believe that the decisions of the PCB that the WMI permits should issue are not contrary to the manifest weight of the evidence and should be affirmed. We further agree with the finding of the PCB that certain operating conditions attached to the groundwater monitoring system by the EPA exceeded the authority of the EPA. The conditions imposed are usurpations of the PCB's rulemaking authority, public participation rights, and the permittee's due process right to contest the findings which would trigger administrative action.

Accordingly, the orders of the PCB in this case are affirmed.

Affirmed.

STOUDER and WOMBACHER, JJ., concur.