WASTE MANAGEMENT OF ILLINOIS, INC., Appellant, v. THE POLLU-
TION CONTROL BOARD *et al.*, Appellees.

Second District   No. 2—88—0861

Opinion filed May 25, 1989.

Pedersen & Houpt, of Chicago (Donald J. Moran, of counsel), for petitioner.

Neil F. Hartigan, Attorney General, and Wayne Wiemerslage, of Environmental Protection Agency, both of Springfield (Robert Ruiz, Solicitor General, and Carla D. Davis, Michelle D. Jordan, and Matthew J. Dunn, Assistant Attorneys General, of Chicago, of counsel), for respondent Pollution Control Board.

William Barrett, Assistant State's Attorney, of Geneva (David R. Akemann, of counsel), for respondent McHenry County Board.

Thomas F. Baker, State's Attorney, of Woodstock, and Michael J. Phillips, Assistant State's Attorney, of Freeport, for *amicus curiae*.

JUSTICE WOODWARD delivered the opinion of the court:

Appellant, Waste Management of Illinois (Waste Management), appeals from a decision of the Pollution Control Board (PCB), which upheld the McHenry County Board's (MCB's) denial of site-location suitability of a new regional pollution control facility (landfill) to be located in unincorporated McHenry County.

In 1986, Waste Management initially petitioned the MCB for site-location suitability approval of a new regional pollution control facility in unincorporated McHenry County, pursuant to section 39.2 of the Environmental Protection Act (Act) (Ill. Rev. Stat. 1985, ch. 111½, par. 1039.2). The MCB held a hearing on the application, which lasted for 20 days and generated a 4,000-page record. The MCB denied the petition on the ground that it was not in accordance with criteria ii and iii of section 39.2(a), which reads in relevant part:

"(a) The county board of the county or the governing body of the municipality, as determined by paragraph (c) of Section 39 of this Act, shall approve the site location suitability for such new regional pollution control facility only in accordance with the following criteria:

(i) the facility is necessary to accommodate the waste needs of the area it is intended to serve;

(ii) the facility is so designed, located and proposed to be operated that the public health, safety and welfare will be protected;

(iii) the facility is located so as to minimize incompatibil-

ity with the character of the surrounding area and to minimize the effect on the value of the surrounding property;

(iv) the facility is located outside the boundary of the 100 year flood plain as determined by the Illinois Department of Transportation, or the site is flood-proofed to meet the standards and requirements of the Illinois Department of Transportation and is approved by that Department;

(v) the plan of operations for the facility is designed to minimize the danger to the surrounding area from fire, spills, or other operational accidents;

(vi) the traffic patterns to or from the facility are so designed as to minimize the impact on existing traffic flows; and

(vii) if the facility will be treating, storing or disposing of hazardous waste, an emergency response plan exists for the facility which includes notification, containment and evacuation procedures to be used in case of an accidental release." (Ill. Rev. Stat. 1985, ch. 111½, par. 1039.2.)

Waste Management appealed this ruling to the PCB, which issued an opinion affirming the MCB's ruling as to criterion ii and reversing it as to criterion iii.

In *Waste Management of Illinois, Inc. v. Pollution Control Board* (1987), 160 Ill. App. 3d 434, this court affirmed the PCB's findings that criterion ii had not been met and found that it need not address the merits on issues raised concerning the third criterion in view of its decision affirming the PCB's denial of site-location suitability approval.

In 1987, Waste Management once again sought from the MCB approval of the same landfill application. The entire record of the first proceeding was made part of the record in the 1987 hearing, which, in itself, generated 2,284 pages of transcript, over 50 exhibits, and additional written comments. The MCB again found that Waste Management had not satisfied criteria ii and iii and, consequently, denied the application. Upon review, the PCB upheld the MCB's decision on the basis that Waste Management's failure to meet criterion ii defeated the entire application. This appeal followed.

■ Initially, Waste Management argues that the PCB's finding regarding criterion ii is against the manifest weight of the evidence. A reviewing court will not reverse an administrative agency's decision unless it is against the manifest weight of the evidence. (*McHenry County Landfill, Inc. v. Environmental Protection Agency* (1987), 154 Ill. App. 3d 89.) Its function is not to reweigh the evidence to substi-

tute its judgment for that of the administrative agency. (154 Ill. App. 3d at 100.) When there is conflicting testimony, the reviewing court is not free to reverse merely because the lower tribunal credits one group of witnesses and does not credit the other. *Terminal-Hudson of Illinois, Inc. v. Goldblatt Brothers, Inc.* (1977), 51 Ill. App. 3d 199.

It is unnecessary here to restate the voluminous conflicting evidence regarding criterion ii as all parties are well aware of it. After carefully reviewing the evidence presented by both sides, we find that the PCB's decision affirming the MCB's finding that Waste Management's application had not satisfied criterion ii is not against the manifest weight of the evidence. Waste Management's evidence on the second criterion (ii), primarily through the testimony of Daniel Dietzler, Dan Nelson, and Christopher Lannert, was more than offset by the testimony of David Anderson, Greg Lindsey, George Noble, Musa Qutub, Michael Robinson, Robert Lever, Jerome Chudzick, Gerald DeMers, and Pratapf Singh. This, coupled with the fact that the evidence in the 1986 hearing supported the MCB's initial decision (see *Waste Management of Illinois, Inc. v. Pollution Control Board* (1987), 160 Ill. App. 3d 434), leaves us with no alternative but to affirm PCB's decision regarding criterion ii. To do otherwise would be to substitute our judgment for that of the reviewing agency, which, in the instant case, had thoroughly reviewed and evaluated the evidence relating to criterion ii.

Waste Management next argues that criterion iii has been established by the manifest weight of the evidence. As noted above, this court did not address criterion iii in *Waste Management of Illinois, Inc. v. Pollution Control Board* (1987), 160 Ill. App. 3d 434. In *Waste Management*, the court did not address the MCB's cross-appeal which challenged the PCB's reversal of the MCB's finding that petitioner's application did not meet criterion iii. This court reasoned that because petitioner's application failed to meet the second criterion, the entire application must fail. (160 Ill. App. 3d at 443.) It concluded that there was no need to deal with criterion iii. Similarly, in the 1987 proceeding, the PCB did not rule on criterion iii after finding that Waste Management's application failed as to criterion ii. Here, because of our decision affirming the PCB's finding that Waste Management did not comply with criterion ii, we need not address the manifest weight of evidence as it relates to criterion iii.

Due to this holding, we need not necessarily address Waste Management's argument that criterion iii has been established by the doctrine of collateral estoppel. Nevertheless, because this issue may be raised in subsequent proceedings, we will address it.

■■ Waste Management argues that the requirements for the application of the collateral estoppel doctrine as provided in *Raper v. Hazelett & Erdal* (1983), 114 Ill. App. 3d 649, have been met. Specifically, these requirements are (1) that the issue previously decided be identical with the one presented in the case under review; (2) that the party against whom the collateral estoppel is asserted was a party or in privity with a party to the prior litigation; and (3) there has been a final judgment on the merits in the former suit. 114 Ill. App. 3d at 652.

Conversely, the PCB asserts that Waste Management waived the collateral estoppel issue by failing to timely assert that argument before the MCB. The PCB contends that a review of the record reveals that Waste Management failed to raise this issue before the start of the MCB's 1987 hearing. Instead, Waste Management waited to raise this issue until it submitted proposed findings to the MCB. Also, the PCB emphasizes the fact that Waste Management did not make a prehearing motion, which argues that the MCB was collaterally estopped from making a finding regarding criterion iii. Moreover, the PCB argued that Waste Management presented evidence supporting its claim that its proposal had satisfied criterion iii.

In reply, Waste Management argues that it did not waive its right to assert the collateral estoppel doctrine. Waste Management contends that it acted consistently with its claims of collateral estoppel by putting on only one witness whose direct examination took only 14 pages of transcript. Waste Management states that this minimal testimony was necessary to show the MCB that the facts had not changed significantly, as the single witness indicated. Consequently, the requirements for asserting the doctrine of collateral estoppel were met.

In general, estoppel is an affirmative defense which must be pleaded to be available. (*Hoover v. Crippen* (1987), 163 Ill. App. 3d 858.) A party claiming estoppel has the burden of establishing it by clear, concise, and unequivocal evidence. *Johnson v. Security Insurance Co.* (1985), 135 Ill. App. 3d 690.

■■ The PCB contends that *A.R.F. Landfill, Inc. v. Pollution Control Board* (1988), 174 Ill. App. 3d 82, is analogous to the present case. In *A.R.F Landfill*, this court held that A.R.F waived its right to object to any claim of bias or prejudice of the county board members by failing to object on that basis in any of the proceedings prior to or during the local hearings. (*A.R.F. Landfill*, 174 Ill. App. 3d at 88.) The PCB argues that it was similarly improper for Waste Management to wait until the conclusion of the MCB's hearing to raise the issue of collateral estoppel and that, by failing to raise the issue at the

opening of the MCB's second application proceeding, Waste Management waived this issue. We agree. It was up to Waste Management to raise the issue of collateral estoppel as to criterion iii at the beginning of the 1987 siting hearing. Not only did it not raise the issue at the proper time, it, in essence, relitigated the issue by calling Thomas Collins as a witness to address criterion iii. If, as Waste Management contends, the PCB and MCB were estopped to relitigate the third criterion, then it should have offered no testimony regarding said criterion. This testimony only serves to further negate its argument that the collateral estoppel issue was not waived.

For the reasons stated above, we affirm the judgment of the Pollution Control Board.

Affirmed.

NASH and INGLIS, JJ., concur.