CITIZENS UTILITIES COMPANY OF ILLINOIS, Petitioner-Appellant, v. THE POLLUTION CONTROL BOARD *et al.*, Respondents-Appellees.

Third District   No. 3—89—0203

Opinion filed January 5, 1990.—Rehearing denied February 13, 1990.

Chapman & Cutler, of Chicago (Daniel J. Kucera, of counsel), for petitioner.

Neil F. Hartigan, Attorney General, of Springfield (Patricia E. Collins, Michelle D. Jordan, and Matthew J. Dunn, Assistant Attorneys General, of counsel), for respondents.

JUSTICE STOUDER delivered the opinion of the court:

The appellant, Citizens Utilities Company of Illinois (Citizens), appeals from an order issued by appellee Illinois Pollution Control Board

(the Board). The Board upheld a permit condition contained in a National Pollutant Discharge Elimination System (NPDES) permit issued by appellee Illinois Environmental Protection Agency (the Agency). Since we conclude that the cause must be remanded for further proceedings, only those necessary facts will be set forth.

Citizens' operations include water and sanitary sewer service to portions of the Village of Bolingbrook. This appeal concerns Citizens' facility known as West Suburban Wastewater Treatment Plant No. 2 (WSB Plant No. 2) located in Bolingbrook. The record shows that the Agency originally issued a NPDES permit for WSB Plant No. 2 on June 30, 1975. On April 17, 1985, the Agency sent Citizens a proposed draft of a renewal NPDES permit for WSB Plant No. 2. The proposed permit contained, among other things, a daily maximum effluent limitation for ammonia nitrogen of 1.5 milligrams per liter (mg/l) from April through October and 4.0 mg/l for November through March. Effluent is the material discharged from a facility into a waterway. The effluent limitations for ammonia nitrogen were to apply only when the downstream daily maximum ammonia nitrogen concentration did not meet the water quality standards set forth in section 302.212 of the Illinois Administrative Code (35 Ill. Adm. Code §302.212 (1985)).

Citizens challenged, among other things, the permit condition limiting the concentration of ammonia nitrogen discharged from its facility. Citizens was allowed to submit written comments on the permit condition. On June 19, 1985, the Agency submitted a revised draft permit, which contained some revisions. However, the ammonia nitrogen limitations remained the same. The record shows that the Agency denied both of Citizens' requests for a public hearing on the draft permit. On August 22, 1985, the Agency issued to Citizens a final NPDES permit effective September 25, 1985. The permit contained the effluent limitations for ammonia nitrogen as set forth in the proposed draft.

On September 13, 1985, Citizens filed a petition for review with the Illinois Pollution Control Board. Citizens objected, *inter alia*, to the effluent limitations for ammonia nitrogen contained in the NPDES permit. Citizens objected to the condition, arguing that the permit condition was not necessary to accomplish the purposes of the Act and that the condition was unreasonable. Citizens requested that the Board review the condition and order the Agency to modify the permit by deleting the effluent limitations for ammonia nitrogen. On November 2, 1987, opening arguments were presented at a hearing before a hearing officer. The hearing was continued to December 4, 1987. At that hearing, Citizens presented the testimony of engineer William Brink, a project manager for Citizens. The Agency objected to the admission of

Brink's report on the effluent limitation for ammonia nitrogen. The hearing officer reserved ruling on the admissibility of the report. The Agency offered as witnesses Rickard Lucas and Lalit Sinha.

On January 5, 1989, the Board issued an opinion and order finding that based on the record, the condition was properly imposed by the Agency and could be enforced against Citizens. In its opinion, the Board stated that it "reviews the permit condition by considering the record complied by the Agency. The Board reviews the evidence in the record without deference to the Agency's decision." As such it considered the study submitted by Brink, because the study did not contain material outside the record, but instead represented "a reformulation of the information from the record together with information that was generally available to the agency."

On February 2, 1989, Citizens filed a motion for rehearing with the Board. Among other things, Citizens requested that the Board consider as evidence portions of the record in a rulemaking case pending before the Board. The case apparently involved partial relief during the winter months from water quality standards for ammonia nitrogen. Citizens contended that evidence presented in the rulemaking case tended to refute some of the assertions made by the Agency and accepted by the Board in upholding the permit condition. The Board denied Citizens' motion and stated, *inter alia*: "The scope of the Board's review is limited to the record as it existed before the Agency at the time of the Agency's permit decision. The Board does not consider information submitted after the permit application is denied."

On appeal, Citizens contends that the Board erred in holding the scope of its review was limited to the record before the Agency at the time the NPDES permit was issued.

Section 40(a)(1) of the Environmental Protection Act (Ill. Rev. Stat. 1987, ch. 111½, par. 1040(a)(1)) states in pertinent part: "If the Agency refuses to grant or grants with conditions a permit under Section 39 of this Act, the applicant may, within 35 days, petition for a hearing before the Board to contest the decision of the Agency. *** At such hearing the rules prescribed in Sections 32 and 33(a) of this Act shall apply, and the burden of proof shall be on the petitioner." Sections 32 and 33(a), respectively, provide in pertinent part: "All hearings under this Title shall be held before a qualified hearing officer ***. All such hearings shall be open to the public, and any person may submit written statements to the Board in connection with the subject thereof. In addition, the Board may permit any person to offer oral testimony. Any party to a hearing under this subsection may be represented by counsel, may make oral or written argument, offer testi-

mony, cross-examine witnesses, or take any combination of such actions. *** The transcript so recorded, and any additional matter accepted for the record, shall be open to public inspection ***." And, "After due consideration of the written and oral statements, the testimony and arguments that shall be submitted at the hearing, ***, the Board shall issue and enter such final order, or make such final determination, as it shall deem appropriate under the circumstances." Ill. Rev. Stat. 1987, ch. 111½, pars. 1032, 1033(a).

Section 105.102(b) of the Illinois Administrative Code (35 Ill. Adm. Code §105.102(b) (1985)) sets forth procedural rules governing NPDES appeals. The rules apply to cases in which the Agency denies a NPDES permit or issues a permit containing conditions or limitations to which the applicant objects. (35 Ill. Adm. Code §105.102(b)(2) (1985)) Section 105.102(b)(8) states: "The hearing before the Board shall extend to all questions of law and fact presented by the entire record. The Agency's findings and conclusions on questions of fact shall be prima facia true and correct. If the Agency's conclusions of fact are disputed by the party or if issues of fact are raised in the review proceeding, the Board may make its own determination of fact based on the record. If any party desires to introduce evidence before the Board with respect to any disputed issue of fact, the Board shall conduct a de novo hearing and receive evidence with respect to such issue of fact." 35 Ill. Adm. Code §105.102 (b)(8) (1985).

In *Dean Foods Co. v. Illinois Pollution Control Board* (1986), 143 Ill. App. 3d 322, 492 N.E.2d 1344, the second district held that the Board erred when it excluded from evidence new material that Dean Foods attempted to present at a hearing involving a NPDES permit condition. As in the instant case, the Board argued in *Dean Foods* that its review of the permit condition was limited to the facts before the Agency at the time the permit was issued. The Board interpreted the section 105.102(b)(8) *de novo* review provision as referring only to the manner in which the Board reviews the Agency's decision, and that it did not allow the Board to consider evidence that was not part of the record before the Agency. The court found that the Board appeared to be ignoring the plain meaning of the *de novo* rule set forth in its own regulations. It was noted that section 105.102(b)(8) expressly states that when a party wishes to introduce evidence before the Board on a disputed issue of fact, the Board is to conduct a *de novo* hearing and receive the evidence.

In the instant case, the Board contends *Dean Foods* was incorrectly decided and in support of its argument cites *dictum* in *Alton Packaging Corp. v. Pollution Control Board* (1987), 162 Ill. App. 3d

731, 516 N.E.2d 343. We note that *Alton* involved appeal from the denial of an operating permit regulating air pollution. Therefore, the procedural requirements in section 105.102(b) of the Administrative Code governing NPDES permit appeals would not have applied to that case.

We find *Dean Foods* dispositive on the issue presented. In the instant case, we note that the Agency twice denied Citizens request for a hearing on the proposed NPDES permit. Under the Act, there is no requirement that the Agency conduct a hearing before issuing a NPDES permit. (See Ill. Rev. Stat. 1987, ch. 111½, par. 1039(b).) Thus there is nothing resembling a hearing where adversaries submit proofs to a neutral and detached decision maker prior to the Agency's decision. (*Environmental Protection Agency v. Pollution Control Board* (1985), 138 Ill. App. 3d 550, 486 N.E.2d 293, *aff'd* (1986), 115 Ill. 2d 65, 503 N.E.2d 343.) The record shows that Citizens was allowed to comment on the proposed permit condition, but no hearing was held prior to the final permit being issued by the Agency.

In both the January 5, 1989, order and the denial of Citizens petition for a rehearing, the Board stated that its review of the facts was limited to the record before the Agency at the time it issued the permit. This is contrary to the procedural rules governing NPDES permit appeals as set forth in the Administrative Code. Under section 105.102(b)(8), a party may submit evidence to the Board regarding a disputed issue of fact. We note that the Act requires the Board to conduct a hearing at which interested parties may testify, cross-examine witnesses and submit written statements. The Act contemplates that the Board will take more than a "live" review of the record before the Agency. The Board's own rules allow for the admittance of new evidence. It appears that in the instant case the Board misconstrued the scope of its review of the NPDES permit condition. Therefore the cause must be remanded for a hearing consistent with requirements of the Act and section 105.102(b) of the Administrative Code.

The order of the Illinois Pollution Control Board is vacated and the cause remanded for further proceedings consistent with this opinion.

Order vacated and remanded.

SCOTT and BARRY, JJ., concur.