IBP, INC., Petitioner-Appellant, v. THE POLLUTION CONTROL BOARD
*et al.*, Respondents-Appellees.
Third District   No. 3—89—0803

Opinion filed September 21, 1990.—Modified on denial of
rehearing November 30, 1990.

John W. Watson and Lisa Marie Anderson, both of Gardner, Carton &
Douglas, of Chicago, and Richard A. Jochum, of IBP, Inc., of Dakota City,
Nebraska (Richard J. Kissel, of counsel), for petitioner.

Neil F. Hartigan, Attorney General, of Springfield (Robert Ruiz, Solici-
tor General, and Patricia E. Collins, Michelle D. Jordan, Joseph J. Annun-
zio, and Matthew J. Dunn, Assistant Attorney Generals, of Chicago, of
counsel), for respondents.

JUSTICE SCOTT delivered the opinion of the court:
Petitioner, IBP, Inc. (IBP), owns and operates a beef slaughter
and processing facility in Rock Island County, Illinois. On May 5,

1988, the Illinois Environmental Protection Agency (the Agency) issued a modified "National Pollution Discharge Elimination System" (NPDES) permit allowing IBP to operate a tannery at its Joslin facility subject to certain discharge limitations. IBP, feeling a number of the conditions to be inappropriate and unduly burdensome, filed a petition for review of the Agency's decision with the Illinois Pollution Control Board (the Board) on June 3, 1988. Specifically, IBP sought review of the chlorine residual limit, the ammonia-nitrogen load limit and the special condition that required IBP to conduct a mixing zone study of the receiving stream to assess compliance with water quality standards.

Subsequent to IBP's appeal to the Board, IBP and the Agency met in an effort to resolve the issues raised by IBP. Sometime between June 6, 1988, and July 18, 1989, IBP and the Agency agreed upon a settlement permit, which was delivered to the United States Environmental Protection Agency (USEPA) for comment on November 18, 1988. Public notice of said settlement permit was given on December 14, 1988, with no significant comments being received within 30 days, thereby waiving the necessity for public hearing prior to issuance of a final permit. The settlement permit purportedly provided effluent limits based upon Federal categorical standards, as well as Illinois water quality standards, and was at least as stringent as required by 35 Illinois Administrative Code section 309 for the meat processing and tanning facility. Nonetheless, on or about April 20, 1989, prior to issuance of a final permit, the Agency received a written objection to the settlement permit from the USEPA objecting to the discharge of high concentrations of ammonia and stating that the limitation for residual chlorine should be presumed highly toxic to aquatic organisms. The USEPA further indicated that to resolve the objections, it would be necessary to see an assessment of the toxicity of the effluent along with an evaluation of mixing characteristics and the receiving water impacts of IBP's discharge. The Agency subsequently refused to issue the settlement permit to IBP as a final permit.

A hearing was later conducted before the Board on IBP's appeal of the conditions contained in the original May 5, 1988, permit. At the hearing, IBP submitted a stipulation of facts (the Stipulation) between IBP and the Agency for addition to the record before the Board. The Stipulation stated:

> "The [settlement] permit contains effluent limits based upon federal categorical standards as well as Illinois Water Quality Standards and in all respects is at least as stringent as re-

quired by 35 Ill. Adm. Code Section 309 for the combined meat processing and tanning facility."

On September 13, 1989, the Board issued its opinion and order affirming the Agency's conditions as set forth in the permit issued May 5, 1988. The Board noted in its opinion that its scope of review in the permit appeal was limited to the record before the Agency at the time the Agency made its permitting decision. IBP then filed a motion for reconsideration of the September 13, 1989, order on October 18, 1989. The Board, however, affirmed its prior decision on November 15, 1989. IBP thus filed with this court a petition for review seeking consideration of the September 13 and November 15, 1989, orders of the Board.

The first issue raised by IBP is that the Board incorrectly limited its review to the record before the Agency at the time the Agency issued the May 5, 1988, permit. In this case, IBP had the burden of proving at the Board hearing that no violation of the Environmental Protection Act (the Act) would occur if the permit was issued without the conditions imposed by the Agency. (Ill. Rev. Stat. 1989, ch. 111½, par. 1039(a).) In that regard, section 40(a)(1) of the Act (Ill. Rev. Stat. 1989, ch. 111½, par. 1040(a)(1)) states that if the agency grants an NPDES permit with conditions, the applicant may petition for a hearing before the Board to contest the conditions and said hearing shall be conducted according to rules prescribed in sections 32 and 33(a) of the Act. Section 32 provides that at such hearings any party may submit written statements or oral testimony, make written or oral arguments, cross-examine witnesses or any combination thereof. (Ill. Rev. Stat. 1989, ch. 111½, par. 1032.) Section 33(a) provides that the Board shall then take into consideration the written or oral statements or arguments submitted at the hearing prior to making a final determination. (Ill. Rev. Stat. 1989, ch. 111½, par. 1033(a).) Moreover, 35 Illinois Administrative Code section 105.102(b)(8) is the procedural regulation governing NPDES permit appeals before the Board. Section 105.102(b)(8) states:

"The hearings before the Board shall extend to all questions of law and fact presented by the entire record. The Agency's findings and conclusions on questions of fact shall be prima facie true and correct. If the Agency's conclusions of fact are disputed by the party or if issues of fact are raised in the review proceedings, the Board may make its own determination of fact based on the record. If any party desires to introduce evidence before the Board with respect to any disputed issue of fact, the Board shall conduct a de novo hearing and receive

evidence with respect to such issue of fact." (35 Ill. Adm. Code §105.102(b)(8) (1985).)

Section 105.102(b)(8) has been interpreted in no less than three prior decisions. In each of these decisions, it was held that section 105.102(b)(8) required the Board to conduct a *de novo* hearing and to receive and consider evidence beyond the scope of the Agency record. See *Citizens Utilities Co. v. Pollution Control Board* (1990), 193 Ill. App. 3d 93, 549 N.E.2d 920; *City of East Moline v. Pollution Control Board* (1989), 188 Ill. App. 3d 349, 544 N.E.2d 82; *Dean Foods Co. v. Illinois Pollution Control Board* (1986), 143 Ill. App. 3d 322, 492 N.E.2d 1344.

■■■ The Board and the Agency argue that the stipulation entered at the Board hearing was irrelevant to the issue of whether IBP could prove that the conditions imposed by the May 4, 1988, permit were not necessary to prevent violations of the Act. Moreover, that IBP failed to present any other evidence at the Board hearing relevant to the permit appeal at issue. We disagree. A stipulation between the parties certainly falls within the types of evidence which could be presented to the Board at a permit appeal hearing. It is commonly understood that stipulations are a way to expedite a hearing process and should be given the same consideration as if the evidence were presented by uncontradicted oral testimony. We agree with the Board and the Agency that evidence presented at a permit appeal hearing must be relevant to the issue at hand before it is admitted as evidence and considered by the Board. (See *City of East Moline*, 188 Ill. App. 3d 349, 544 N.E.2d 82.) In this case, however, we believe the stipulation entered for the record by IBP is clearly relevant to the issue of whether the conditions imposed by the Agency in its May 5, 1988, permit are necessary to prevent a violation of the Act. By the stipulation, the Agency has acknowledged that less stringent conditions may be imposed upon IBP which, in all respects, comply with the Federal and State water pollution standards. We make no determination as to whether this evidence is sufficient for the Board to find that the conditions imposed by the Agency's May 5, 1988, permit are against the manifest weight of the evidence, but certainly the Board should have taken this evidence into consideration.

■■ We find that the Board has deviated from statutory requirements *and its own procedural regulations* regarding the admission of new evidence at an NPDES permit appeal hearing by failing to consider the stipulation entered by IBP. Therefore, we reverse the orders of the Board dated September 13, 1989, and November 15,

1989, and remand the cause to the Board for a *de novo* hearing on the issue of whether the conditions imposed by the Agency's May 5, 1988, final permit are not necessary to accomplish the purposes of the Act.

Reversed and remanded.

HEIPLE, P.J., and GORMAN, J., concur.