FRED E. JURCAK, Petitioner-Appellant, v. THE ENVIRONMENTAL PROTECTION AGENCY, Respondent-Appellee.

First District (1st Division) Nos. 86—1965, 86—2140 cons.

Opinion filed September 8, 1987.—Rehearing denied October 16, 1987.

Martin, Craig, Chester & Sonnenschein, of Chicago (Joseph S. Wright, Jr., and Roy M. Harsch, of counsel), for appellant.

Neil F. Hartigan, Attorney General, of Springfield (Roma Jones Stewart, Solicitor General, and Henry Henderson and Diane Rosenfeld Lopata, Assistant Attorneys General, of Chicago, of counsel), for appellee.

JUSTICE O'CONNOR delivered the opinion of the court:

Petitioner Fred B. Jurcak appeals from an opinion and order of the Illinois Pollution Control Board (the Board) finding that it lacked jurisdiction to review the terms and conditions of the Illinois Water Quality Management Plan. The issues raised on appeal are: (1) whether the Illinois Pollution Control Board has jurisdiction to review a condition imposed on a National Pollutant Discharge Elimination System permit when the condition is also part of the Illinois Water Quality Management Plan; and (2) whether the Illinois Environmental Protection Agency's preference for large sewage treatment plants is a sufficient reason to require the proposed plant to be abandoned at some future date.

This matter concerns a dispute over an amendment to the Illinois Water Quality Management Plan (the plan), and a condition imposed in petitioner Jurcak's National Pollutant Discharge (NPDES) permit to build a sewage treatment plant as a consequence of this amendment.

The plan and the permit program are administered by the Illinois Environmental Protection Agency (the Agency) pursuant to the Federal Water Pollution Control Act (the Clean Water Act) (33 U.S.C. sec. 1251 *et seq.* (1982)) and the Illinois Environmental Protection Act (Ill. Rev. Stat. 1985, ch. 111½, par. 1001 *et seq.* ) (the Act). The permit system prohibits any discharge to a navigable water in the absence of a permit and the permit defines the conditions, such as effluent levels, under which the discharge may be made.

The plan is required because each State must have a continuing planning process approved by the United States Environmental Pro-

tection Agency, and each plan must incorporate the elements of an areawide waste water management plan. (33 U.S.C. secs. 1288, 1313 (1982).) No permit may be issued for a discharge (point source) unless the point source is authorized by the plan. 35 Ill. Adm. Code 309.105(d) (1985); 33 U.S.C. sec. 1288(e) (1982).

Petitioner Jurcak is a land developer who is in the process of developing The Gateway Development project, a mobile home park in Frankfort, Illinois. In order to do so, he needs a permit that would allow him to operate a sewage treatment plant to service the development. Jurcak's first application for a permit to build a sewage treatment plant was denied by the Agency on the ground that he lacked a permit for the plant's discharge. Jurcak then filed an application with the Agency for the permit, which was denied as the point source was not authorized by the plan.

In response to this denial, Jurcak filed a petition for conflict resolution with the Agency pursuant to 35 Ill. Adm. Code 351.101 *et seq.* (1985), seeking the needed amendment of the plan to allow a new point source. On July 1, 1985, the Agency amended the plan to allow a new point source at the location requested by Jurcak. The amendment included four conditions, including the condition at issue here (condition 8):

> "(D) The Gateway Development project shall, at the condominium association expense, connect to the Village of Frankfort's sewage treatment plant within one year after operation of said Village of Frankfort's STP's expansion, and Gateway's STP shall cease discharging within said year. This shall be a condition of Gateway's NPDES permit."

On July 31, 1985, the Agency issued Jurcak a permit for the sewage treatment project which included the condition embodied in the plan.

Jurcak then appealed the imposition of the condition in the permit to the Board. In that proceeding, the Agency argued that although the Board had jurisdiction to review the permit, it lacked jurisdiction to review the terms of the plan. The Agency contended that it had authority under the Act to include the terms of the plan in any permit and that on review, the Board lacked authority to amend a permit with the result that it would conflict with the plan. The Agency argued that because there is no appeal provided for from a plan decision, Jurcak's only remedy (now foreclosed), was to seek a writ of *certiorari* in a circuit court.

Relying on *Village of Gilberts v. Holiday Park Corporation and Illinois Environmental Protection Agency* (1985), 65 PCB Op. 283, on December 20, 1985, the Board determined that it lacked

jurisdiction to review a condition in an NPDES permit when the condition was required by the plan. Jurcak then sought a stay from the Board's opinion and filed a complaint against the Agency in the circuit court of Cook County seeking review of the plan. The circuit court dismissed on the grounds that under section 41 of the Act (Ill. Rev. Stat. 1985, ch. 111½, par. 1041(a)), review of the Board decision lies with the appellate court. This appeal followed.

Under the Illinois Environmental Protection Act there is intended to be a distinct separation of functions between the Agency and the Board, with the Agency determining policy, administering the permit program and enforcing the provisions of the Act (Ill. Rev. Stat. 1985, ch. 111½, par. 1004), and the Board having authority over rule-making, review, and the granting of variances (Ill. Rev. Stat. 1985, ch. 111½, par. 1005).

The Agency alone administers and has the authority to amend the plan. It also has the authority to determine whether a new point source for the discharge of effluents will be authorized and whether a permit to discharge such effluents will be granted with conditions. (Ill. Rev. Stat. 1985, ch. 111½, par. 1039.) In the instant case, the Agency authorized the point source requested by Jurcak, but appended the condition that within one year the treatment plant would have to be connected to the plant operated by the village of Frankfort. In an apparently unprecedented move, both the point source and the condition were incorporated into the plan.

██ If a permit is granted with conditions, the Board has the statutory duty to review those conditions pursuant to section 40(a)(1) (Ill. Rev. Stat. 1985, ch. 111½, par. 1040(a)(1)), which provides:

> "If the Agency refuses to grant or grants with conditions a permit under Section 39 of this Act, the applicant may, within 35 days, petition for a hearing before the Board to contest the decision of the Agency."

Although the Board has a duty to review conditions if it is requested to do so by a permit applicant, it has no authority to review the plan (*Landfill, Inc. v. Pollution Control Board* (1978), 74 Ill. 2d 541, 387 N.E.2d 258), nor is a decision by the Agency amending the plan reviewable except through an action in the circuit court by a writ of certiorari. (See *National Marine Service, Inc. v. Environmental Protection Agency* (1983), 120 Ill. App. 3d 198, 205, 458 N.E.2d 551.) Since the Agency had incorporated the conditions of the permit into the plan, the Board declined to review the conditions, based on its belief that to do so would create an impermissible conflict between the permit and the plan. Thus it would appear that by incorporating the

conditions into the State plan along with the requested point source, the Agency, if it has not actually insulated itself from review, has in effect foreclosed the Board from applying its technical expertise to determine whether the imposition of a permit condition was reasonable.

The State argues that it has not sought to insulate its actions from review; that pursuant to 35 Ill. Adm. Code 351.403, an appeal of a final decision of the Agency revising the plan may be taken before the circuit court and that Jurcak simply failed to pursue the proper avenue of review.

■■ While it is correct that Jurcak initially could have sought review of the revision of the plan by *certiorari* in the circuit court, the fact that he failed to pursue review of the plan does not, in our opinion, foreclose his right to have the permit reviewed by the Board. The right to seek review of conditions imposed in petitioner's permit is provided in the statute and is not contingent upon whether he independently sought review of the Agency's amendment to the plan at an earlier stage in these proceedings.

Following the Board's determination that it lacked jurisdiction to review the permit, Jurcak was granted a stay from the Board's opinion for the purpose of allowing him to seek review of the Agency's amendment of the plan through an action in the courts. He filed a complaint against the Agency in the circuit court of Cook County seeking a common law writ of *certiorari* to review the terms of the amended plan, special condition 8 of the NPDES permit, and the Board opinion and order. The trial court dismissed the complaint, finding that pursuant to section 41 of the Act (Ill. Rev. Stat. 1985, ch. 111½, par. 1041), review was to the appellate court.

■■ In *dicta*, the trial court stated that while the responsibility for modifying the plan does not fall to the Board, the Board could nonetheless say that the conditions imposed were unreasonable, if that was its determination, and the Agency would be allowed to modify the plan in accordance with the Board's decision. We believe that this approach is proper in that it preserves the right of review of conditional permits which is provided for in the statute. We therefore find that despite the conflict that might arise if the Board were to strike the condition, the Board does have the jurisdiction to review the condition in issue.

■■ Petitioner also argues that the Agency's arbitrary preference for large sewage treatment plans is an insufficient basis upon which to require him to abandon the proposed sewage treatment plant and connect to the village of Frankfort's treatment plant within one year

of the latter's anticipated expansion. He points out that the record shows not only that the proposed treatment plant is well designed and in compliance with all applicable rules and regulations but also that the water quality of the stream might actually be improved by the addition of water treated to the extent proposed. On that basis, Jurcak asks this court to summarily require the Agency to issue the permit, less condition 8.

The Agency's position is that the record does not reflect an Agency preference for large rather than small sewage treatment plants and that the issue was neither developed in the proceeding below or considered by the Board in reaching its decision. According to the Agency, however, the condition imposed in fact rested upon section 201 of the Clean Water Act (33 U.S.C. sec. 1281(c) (1982)), which provides that:

> "To the extent practicable, waste treatment management shall be on an areawide basis * * *."

There is some testimony in the record regarding Agency views on certain types of sewage treatment plants; nonetheless, we agree with the Agency that the issue was insufficiently explored in the proceeding before the Board. The Board did not consider the merits of the issue in concluding that it lacked jurisdiction, although it did express concern regarding the economic burden that would be imposed on Jurcak if he were required to abandon an otherwise proper sewage treatment plant and connect to the Frankfort plant at a cost of approximately $250,000.

Cost alone, however, cannot be the determinative factor. As the court pointed out in *Dean Foods Co. v. Pollution Control Board* (1986), 143 Ill. App. 3d 322, 337, 492 N.E.2d 1344, a decision regarding permit conditions requires evaluation and judgment based on scientific data, knowledge of waste water treatment technologies and engineering methodology and the application of technical standards. This is not the province of the appellate court but of the Board, which is composed of seven technically qualified Board members with the expertise to make the necessary inquiries and evaluation. (See Ill. Rev. Stat. 1985, ch. 111½, par. 1005(a).) For this reason, we reverse and remand for a hearing before the Board pursuant to 35 Ill. Adm. Code 105.102(b)(8) (1985) to consider whether there is an adequate factual basis for the imposition of condition 8.

Reversed and remanded.

BUCKLEY and MANNING, JJ., concur.