REICHHOLD CHEMICALS, INC., Petitioner-Appellant, v. THE POLLU-
TION CONTROL BOARD *et al.*, Respondents-Appellees.

Third District   No. 3—89—0393

Opinion filed October 12, 1990.

John L. Parker & Associates, Ltd., of Chicago (John L. Parker, of counsel), for petitioner.

Neil F. Hartigan, Attorney General, of Springfield (Robert J. Ruiz, Solicitor General, and Renee Cipriano, Matthew J. Dunn, and Michelle D. Jordan, Assistant Attorneys General, of Chicago, of counsel), for respondents.

JUSTICE BARRY delivered the opinion of the court:

The Illinois Environmental Protection Agency (Agency) denied an operating permit to Reichhold Chemicals, Inc., operator of a polyester resin manufacturing plant in Morris, Illinois. Reichhold appeals from an order of the Illinois Pollution Control Board (Board) dismissing its petition for review of the Agency's permit denial.

The sequence of events leading up to the present appeal is as follows:

October 9, 1987—the Agency issued a construction permit to Reichhold for an addition to its continuous polyester plant which would convert the plant to a batch polyester resin manufacturing plant.

January 20, 1988—Reichhold applied to the Agency for an operating permit for the batch polyester plant.

May 18, 1988—the Agency denied the operating permit because of specified deficiencies in a required stack test on the fume incinerator but offered to reevaluate the permit application upon Reichhold's request and submission of the necessary information and documentation to correct or clarify the deficiencies.

November 9, 1988—Reichhold experienced an accidental release of "Dowtherm" vapor which allegedly caused air pollution, drifted off the plant site and caused personal injuries.

November 15, 1988—Reichhold had an additional test conducted on the fume incinerator in compliance with Agency requests and regulations, the results of which were submitted to the Agency on January 23, 1989.

December 23, 1988—Agency sent an "Enforcement Notice Letter" to Reichhold advising that the violations of the Illinois Environmental Protection Act (Ill. Rev. Stat. 1987, ch. 111½, par. 1001 *et seq.*) had been referred to the Attorney General for preparation of a formal enforcement complaint. The letter also provided Reichhold with an opportunity to meet with Agency representatives to avoid the filing of a formal complaint.

February through April 1989—Reichhold provided information, data, and tours for representatives of the Attorney General's office and the Agency relating to the accident.

April 25, 1989—Agency notified Reichhold that its application for operating permit, received January 25, 1989, was denied, "because Section 9 of the Illinois Environmental Protection Act, and 35 Ill. Adm. Code 201.131 might be violated." The denial letter gave as specific reasons for denial the air pollution occurring on November 9, 1988, and failure to provide proof that the operation of the batch polyester resin plant will not cause a violation of the Act. The April 25, 1989, letter concluded with the same language as had been contained in the denial letter dated May 18, 1988, and which was as follows:

> "The Agency will be pleased to re-evaluate your permit application on receipt of your written request and the necessary information and documentation to correct or clarify the deficiencies noted above. Two copies of this information must be submitted and should reference the application and I.D. numbers assigned above. The revised application will be considered filed on the date that the Agency receives your written request."

May 11, 1989—Reichhold requested in writing that the Agency reconsider the permit denial based upon the Dowtherm release accident and stated that all available information concerning the Dowtherm system had already been submitted to the Agency and the Attorney General's office and that all questions had been answered.

May 30, 1989—Reichhold filed with the Illinois Pollution Control Board a petition for review of the operating permit denial, stating in the petition that the Agency had not replied to its letter requesting reconsideration of the denial.

June 8, 1989—Board granted the Agency's motion to dismiss Reichhold's petition on the ground that Reichhold's request for reconsideration was pending with the Agency.

On appeal, Reichhold contends that its letter of May 11, 1989, was not a "revised application" within the terms of the Agency denial letter since no new documentation or information was submitted. At most the letter requested a reconsideration of the April 25, 1989, denial order, and neither the Act nor the rules adopted by the Board give the Agency authority to allow a rehearing or otherwise reconsider an order. Hence, it is argued, the Board erred in finding that the Agency had retained jurisdiction of this permit proceeding by reason of its undertaking to reconsider its denial action.

The Agency, on the other hand, argues that Reichhold's May 11 letter called attention to additional data previously submitted to the Attorney General's office and the enforcement department of the agency but never seen by the permit department and that, according to Agency custom and policy, the letter amounted to a reapplication for an operating permit upon which no final action had been taken. The Agency position is predicated upon its view that a request to reconsider accompanied by new information is in reality a reapplication, and when Reichhold chose to seek Agency reconsideration, it had to forego review by the Board until the Agency completed its review and entered a final order.

The Agency admits that there are no formally adopted rules or regulations to govern reconsideration or reapplication procedures but instead that its procedure is based on "policy and longstanding practice."

■ The Illinois Supreme Court has held that an administrative agency has no inherent authority to amend or change a decision and may undertake a reconsideration of a decision only where authorized by statute. (*Pearce Hospital Foundation v. Illinois Public Aid Comm'n* (1958) 15 Ill. 2d 301, 154 N.E.2d 691; see also *Caldwell v. Nolan* (1988), 167 Ill. App. 3d 1057, 522 N.E.2d 175.) The court more recently stated:

> "It has been consistently held that an administrative agency may allow a rehearing, or modify and alter its decisions only when authorized to do so by statute. [Citation.] The unlimited scheme of reconsideration of determinations of eligibility set forth by the Department [of Labor], no matter how logical or desirable it may seem, is simply not authorized by the Act and is found nowhere within the clear and common meaning of its language." *Weingart v. Department of Labor* (1988),

122 Ill. 2d 1, 15, 521 N.E.2d 913.

The Environmental Protection Act has been held to authorize the Pollution Control Board to conduct rehearings by virtue of its authority to conduct "such other hearings as may be provided by rule" (Ill. Rev. Stat. 1987, ch. 111½, par. 1005(d)), as implemented by specific rules providing for motions for rehearing or modification of orders. (*Modine Manufacturing Co. v. Pollution Control Board* (1976), 40 Ill. App. 3d 498, 351 N.E.2d 875.) However, no such authority to modify or reconsider its decisions has been granted by statute to the Agency, and no such procedures have been provided by rule.

■ The Agency relies on one sentence in section 39(a) of the Act, which states: "The Agency shall adopt such procedures as are necessary to carry out its duties under this Section." (Ill. Rev. Stat. 1987, ch. 111½, par. 1039(a).) This sentence does not purport to broaden the authority of the Agency, as does the grant of authority to the Board quoted above, but merely allows the Agency to adopt procedures for the conduct of the business it was otherwise empowered to conduct. Furthermore, no rules establishing a rehearing procedure with time limits, notice requirements, and other customary provisions have been cited to us.

■ In view of the case law denying administrative agencies the authority to change or modify decisions once announced, we conclude that the Agency here had no authority to reconsider or modify the decision handed down on April 25, 1989. Under the statute, the Board had a duty to review that permit denial once Reichhold filed its petition for review within the 35-day period allowed by law. (*Cf. Jurcak v. Environmental Protection Agency* (1987), 161 Ill. App. 3d 48, 513 N.E.2d 1007.) The Board's dismissal of Reichhold's petition was error.

While this appeal has been pending, a decision has been published, *Wells Manufacturing Co. v. Environmental Protection Agency* (1990), 195 Ill. App. 3d 593, where the Agency denied an application for renewal of an operating permit on the ground that the applicant may be violating the Act. In *Wells* the Agency had received some complaints concerning odors connected with Wells' operation, but no enforcement proceedings had been filed. The Agency's letter denying the renewal permit contained an offer "to reevaluate" the denial if Wells so requested and if it submitted nine categories of information. Some of the information requested by the Agency had been submitted with the original construction permit application and was available to the Agency in its own files. Wells

did not request a reevaluation of the denial but instead filed an appeal to the Pollution Control Board. The Board affirmed the Agency's denial, and the appellate court reversed, holding that the applicant was entitled to submit evidence that it is not polluting the air *before* the permit was denied, not after. In *Wells*, the court noted that the applicant's property interest in the renewal of an operating permit is analogous to the property interest at stake when an applicant sought its initial operating permit after constructing new landfill trenches under a development permit, as was the case in *Martell v. Mauzy* (N.D. Ill. 1981), 511 F. Supp. 729, where it was held that the failure to hold a "predenial hearing" deprived the applicant of due process of law.

In the case at bar, the Agency similarly denied a permit on April 25, 1989, because Reichhold *might* violate the Act without giving Reichhold the opportunity to submit more information before denying the permit. Like the court in the *Wells* case, we have concerns as to the fundamental fairness of such proceeding.

We note that the Board relied upon its earlier decision in *Caterpillar Tractor Co. v. Environmental Protection Agency* (1983), PCB 83-86, 54 PCB 259, where Caterpillar's letter to the Agency requesting reconsideration of the denial of its permit application was treated by the Agency as a permit reapplication. This procedure was approved by the Board with the comment that to do otherwise would mean that the Agency failed in its statutory duty to deny or issue a permit within 90 days. The Board dismissed Caterpillar's appeal on the ground that a permit application for the same permit was pending. Upon administrative review, a reviewing court is not bound by an agency's interpretation of statutory provisions though that interpretation should be given great weight. *Reynolds Metals Co. v. Pollution Control Board* (1982), 108 Ill. App. 3d 156, 438 N.E.2d 1263.

■ The Board's ruling in the *Caterpillar* case did not take into account any limitation on the Agency's power to alter or modify its decision. We hold that the administrative decision in *Caterpillar* is not binding precedent in the case at bar.

We recognize the problem confronting the Agency in these cases. Under the Act, if the Agency does not either grant or deny a permit within 90 days of receipt of the application, the permit will issue by operation of law. The statute thus contemplates prompt action by the Agency followed by a 35-day period in which the applicant may seek review before the Board. When the Agency denies an application, the applicant's only options are to start over with a

new application or file a petition for review. Requests to modify or reconsider are not permissible under the present statutory scheme. Any hardships resulting from this arrangement should be redressed by the Illinois legislature.

■ Reichhold has asked this court to order the permit to issue retroactively since irreparable harm would result from a failure to have a permit. The public interest would be better served, however, by a remand to the Board for consideration of the merits of Reichhold's petition for a review of the Agency's denial.

The Agency has filed a motion in this court seeking a dismissal of this appeal on the ground that the appeal is now moot because Reichhold has filed another appeal to the Board in a subsequent proceeding involving a later denial of this same permit. The Agency contends that the hearing before the Board which Reichhold seeks here is now available to it in the subsequent appeal. Reichhold responds that the issues are not identical in the two appeals.

■ We appreciate the Agency's quandary when confronted with overlapping proceedings. However, we conclude that the instant case is not moot and that Reichhold is entitled to a hearing on his petition for review in this cause, regardless of what action may be taken on subsequent reapplications. To hold otherwise is to deprive Reichhold of the right to review of the ruling here in dispute. Reichhold is entitled to a review of the decision denying it a permit in this proceeding. We, therefore, deny the motion to dismiss this appeal.

We reverse the order of the Board and remand this cause for review in accordance with this decision.

Reversed and remanded.

HEIPLE, P.J., and STOUDER, J., concur.