THE COUNTY OF LA SALLE *ex rel.* GARY L. PETERLIN, State's Attorney, Petitioner-Appellant, v. THE POLLUTION CONTROL BOARD, Respondent (The Illinois Environmental Protection Agency *et al.*, Respondents-Appellees).—THE ILLINOIS ENVIRONMENTAL PROTECTION AGENCY, Appellant, v. THE POLLUTION CONTROL BOARD, Respondent (William H. Clarke *et al.*, Respondents-Appellees).—ROSEMARY SINON *et al.*, Petitioners-Appellants, v. THE POLLUTION CONTROL BOARD, Respondent (The Illinois Environmental Protection Agency *et al.*, Respondents-Appellees).

Third District   Nos. 3—85—0262, 3—85—0264, 3—85—0265 cons.

Opinion filed August 26, 1986.

Gary L. Peterlin, State's Attorney, of Ottawa (James A. Lanuti, Assistant State's Attorney, of counsel), for appellant County of La Salle.

Michael J. Heaton, of O'Keefe, Ashenden, Lyons & Ward, and Joseph V. Karaganis, of Karaganis & Gail, Ltd., both of Chicago, for appellants Rosemary Sinon, Marie Madden, and Joan Benya Bernabei.

Thomas J. Immel, of Immel, Zelle, Ogren, McClain & Germeraad, of Springfield, Richard J. Kissel, Jeffrey C. Fort, and Frederick L. Moore, all of Martin, Craig, Chester & Sonnenschein, of Chicago, and William A. Speary, Jr., of Wheaton, for appellees Pioneer Processing, Inc., and William H. Clarke.

Neil F. Hartigan, Attorney General, of Springfield (Edmund B. Moran, Jr., and H. Alfred Ryan, Assistant Attorneys General, of Chicago, of counsel), for Illinois Environmental Protection Agency.

JUSTICE GREEN delivered the opinion of the court:

The extended proceedings giving rise to these appeals are so complex that we summarize only the portions thereof which are necessary to our decision. They began on July 1, 1980, when respondent, Pioneer Processing, Inc. (Pioneer), made application to respondent, the Illinois Environmental Protection Agency (the Agency) to develop a 177-acre site in La Salle County as a hazardous-waste disposal site pursuant to section 39(a) of the Environmental Protection Act (Ill. Rev. Stat. 1979, ch. 111½, par. 1039(a)). Pioneer or its predecessors had obtained prior permits in regard to the use of the tract or portions thereof, and it sought a modification of that authority. On December 22, 1980, the Agency issued a document permitting Pioneer to develop the entire tract for solidified, special, and hazardous wastes. Various parties appealed that decision to the Pollution Control Board (Board) which entered an order on February 16, 1982, affirming the granting of the permit.

Appeals from the decision of the Board were taken to this court and the decision was affirmed on March 8, 1983. (*People v. Pollution Control Board* (1983), 113 Ill. App. 3d 282, 446 N.E.2d 915.) Then the

supreme court granted leave to appeal, consolidated the case with a related case from the Fourth District, and reversed. The matter of Pioneer's request for expanded use of the tract was remanded to the Agency with directions to hold a hearing conducted according to the contested-case provisions of the Illinois Administrative Procedure Act (Ill. Rev. Stat. 1979, ch. 127, par. 1016(a)). The supreme court held reversible error occurred when those procedures were not followed at the hearing pursuant to which the questioned permit had been issued. *Pioneer Processing, Inc. v. Environmental Protection Agency* (1984), 102 Ill. 2d 119, 464 N.E.2d 238.

Upon remand from the supreme court, the Agency was faced with a difficult question as to how to proceed. Subsequent to its original issuance of the permit, but more than two years before the supreme court opinion, section 39(c) of the Illinois Environmental Protection Act (Act) was amended, effective November 12, 1981, to provide that a permit for development and construction of a new regional pollution control facility could not issue to entities, except a few sanitary districts, "unless the applicant submits proof to the Agency that the location of said facility" had been approved by a certain local governmental body, which, in this case, was the county board of La Salle County. (Ill. Rev. Stat. 1981, ch. 111½, par. 1039(c).) The Agency concluded that the new provisions of section 39(c) were applicable to the case on remand. Then, despite the mandate to hold a hearing, the Agency decided to determine first whether the proposed facility was a new regional pollution control facility and, if so, whether Pioneer had submitted proof of county board approval.

After examining Pioneer's original petition for the permit in issue and other documents before it, the Agency concluded that Pioneer sought authority to construct a new regional pollution control facility. On August 30, 1984, the Agency sent a letter by certified mail to Pioneer discussing statutory changes which had taken place since Pioneer's petition had previously been granted and telling Pioneer of the Agency's finding that Pioneer sought authority for a new facility. The letter pointed out various claimed procedural deficiencies of Pioneer's pending petition, the most serious of which was that Pioneer had made no showing that the county board of La Salle County had approved issuance of the permit as section 39(c) then stated to be necessary if the facility was a new regional pollution control facility. The letter concluded that Pioneer's petition was being denied as incomplete but that Pioneer could reapply upon submitting a new petition with additional supporting documents.

Pioneer made no response to the August 30, 1982, Agency letter.

Rather, on October 4, 1984, it appealed to the Board (Ill. Rev. Stat. 1983, ch. 111½, par. 1040). On January 24, 1985, the Board denied the petition of La Salle County and private citizens, Rosemary Sinon, Marie Madden, and Joan Benya Bernabei, for leave to intervene. On February 7, 1985, the Board denied the Agency's motion for judgment on the pleadings. After a hearing the Board issued an opinion and order ruling that: (1) the Agency's failure to follow the supreme court's mandate to hold a hearing violated the order denying the permit; and (2) the record furnished by the Agency was incomplete. Separate notices of appeal to the court have been filed by the Agency (No. 3—85—0264), La Salle County (No. 3—85—0262), and the interested citizens (No. 3—85—0265). The cases have been consolidated.

The Agency contends that the Board erred by: (1) interpreting the supreme court mandate to require the Agency to hold a hearing; (2) finding the Agency record incomplete; (3) finding that the Agency had suppressed debate; (4) abusing its discretion by refusing to decide the issues before it on appeal from the Agency; (5) denying the Agency's motion for judgment on the pleadings; and (6) permitting certain testimony. La Salle County contends that it should have been permitted leave to intervene before the Board. The interested citizens have adopted the briefs of the Agency.

We affirm the order of the Board reversing the decision of the Agency and remanding the case to the Agency for a hearing. We also affirm the decision of the Board in denying La Salle County leave to intervene.

Analysis of the issues involved must begin with the question of whether the Agency was required by the mandate to hold a hearing or whether it could first rule upon whether the previously filed application upon which it had previously issued a permit was then in proper form. The question is inherently intertwined with the question of whether the new provision of section 39(c) requiring county board approval was applicable on remand. If that new provision were applicable, the Agency was in a somewhat awkward position. The parties agree that section 39.3(c)(i) of the Act (Ill. Rev. Stat. 1985, ch. 111½, par. 1039.3(c)(i)) would control the hearing. That section speaks in terms of a "complete application" initiating the requirements for a hearing. The Agency considered Pioneer's petition to then be incomplete because Pioneer had not furnished supporting documents to negate the Agency's contention that county board approval was required. For reasons stated subsequently, we hold that the stated new provision of section 39(c) was applicable on remand but the Agency was required by the mandate to hold a hearing.

Our determination that the new section 39(c) is to be applied on remand is based upon the combined application of the following rules. In *Maiter v. Chicago Board of Education* (1980), 82 Ill. 2d 373, 415 N.E.2d 1034, the court held that in determining the statutory requirements for selecting school superintendents in the Chicago public schools, legislation effective after the litigation was commenced was, nevertheless, determinative. The court stated:

> "When a change of law merely affects the *remedy* or law of procedure, all rights of action will be enforceable under the new procedure, without regard to whether they accrued before or after such change of law and *without regard to whether or not the action has been instituted,* unless there is a saving clause as to existing litigation. [Citations.]" (Emphasis added.) 82 Ill. 2d 373, 390, 415 N.E.2d 1034, 1042.

The *Martin* opinion further explained that, as set forth in *Hogan v. Bleeker* (1963), 29 Ill. 2d 181, 187, 193 N.E.2d 844, even changes in procedure or remedy are to be applied only retrospectively when a constitutionally protected vested right is involved. In *Dworak v. Tempel* (1959), 17 Ill. 2d 181, 161 N.E.2d 258, a statutory change imposing further exposure to liability upon dramshop operators was held to be a change of substance and not of procedure, while in *Orlicki v. McCarthy* (1954), 4 Ill. 2d 342, 122 N.E.2d 513, an amendment decreasing the time in which a cause of action might be brought was held to involve merely a procedural matter not involving vested rights.

■ Section 39(c), which states the procedure by which a permit may be granted, sets forth a remedy. One seeking a permit has no vested right in the permit until a final conclusive determination is made as to the issuance of the permit. The amendment to section 39(c) was remedial in nature and can be applied upon a rehearing by the Agency. Such a rule makes sense in a case of this nature because, if the legislature, in the interval between original determination and rehearing, has decided that further restrictions upon granting permits are necessary to protect the public, those restrictions should be applicable to the issuance of new permits.

■ Indications in the amended version of section 39(c) and the provisions of section 39.3(c)(i) of the Act (Ill. Rev. Stat. 1985, ch. 111½, par. 10039.3(c)(i)) that the questions concerning county board approval will usually be determined prior to hearing do not supersede the requirements of the supreme court mandate. The clear intent of the mandate was to return the case to the stage where a hearing should have been held and not to return it to the stage where the sufficiency of the petition is in issue. Where, as here, the mandate of a

court of review is precise and unambiguous, the mandate must be followed by the tribunal to which it is issued. (*City of Springfield v. Allphin* (1980), 82 Ill. 2d 571, 413 N.E.2d 394.) A hearing must be held by the Agency. The Board properly so ordered. At the hearing, the question of the applicability and possible lack of compliance with the present section 39(c) will be an issue.

Determining the section 39(c) issue at a hearing will not be inappropriate because a mixed question of law and fact in deciding whether the 177-acre tract is a new regional pollution control facility will be involved. At all times pertinent, section 3(x) of the Environmental Protection Act has stated:

"A new regional pollution control facility is:

(1) a regional pollution control facility initially permitted for development or construction after July 1, 1981; or

(2) the area of expansion beyond the boundary of a currently permitted regional pollution control facility; or

(3) a permitted regional pollution control facility requesting approval to store, dispose of, transfer or incinerate, for the first time, any special or hazardous waste." Ill. Rev. Stat. 1983, ch. 111½, par. 1003(x).

The parties agree that section 3(x)(3) is controlling. Pioneer contends that it is not a new regional pollution control facility because it is not requesting permission to use the tract for hazardous waste "for the first time." Pioneer maintains that within its 177-acre tract, it has obtained permits to use plots of 6.17 and 10 acres for disposing of hazardous wastes and has used them for such purposes. The Agency responds that (1) a hazardous-waste permit was not granted to both those plots; and (2) the plots constitute such a small portion of the 177-acre tract that prior licensing or use of these plots does not "grandfather" the status of the entire tract. The Agency also contends that both prior permission to use as a hazardous-waste facility and *actual use* are necessary to obtain the "grandfather" status.

As an aid to the Agency in passing upon the question of whether the 177-acre tract is a new regional pollution control facility, we deem it necessary to interpret section 3(x)(3) as applied to the foregoing contentions of the parties.

■ We do not agree with the Agency that prior use of an area within a regional pollution control facility for hazardous or special materials is necessary to prevent the facility from being a *new* facility within the meaning of section 3(x)(3) when prior permits for such use have been granted. The phrase "for the first time" appears after the phrase "to store, dispose of, transfer or incinerate" which, in turn ap-

pears after the word "approval." Some ambiguity is created as to whether the phrase "for the first time" modifies the phrase appearing closer to it or the earlier word "approval." Under the "last-antecedent doctrine," the phrase "for the first time" would be deemed to modify the phrase "to store, to dispose of" rather than the word "approval." (*City of Mount Carmel v. Partee* (1979), 74 Ill. 2d 371, 385 N.E.2d 687; *People v. Thomas* (1970), 45 Ill. 2d 68, 256 N.E.2d 794.) However, such an interpretation would not make sense. All other sub-subsections of section 3(x) make the grant of permission rather than the use of the premises the key factor in determining whether the facility be deemed a new regional pollution control facility. The legislature would likely have intended a symmetrical format for determining when a facility can be relieved of the burden of restrictions newly imposed. The date of a grant of permission is the logical dividing line because it is from that date that an operator can make plans in reliance upon the actions of a regulating body.

We also disagree with any interpretation of section 3(x)(3) as intending that prior permission to use part of a tract for hazardous or special waste would prevent only that part of the tract for which the previous permission has been granted from being a new facility. The legislature very carefully set forth in section 3(x)(2) that the area of extension beyond the boundary of a regional pollution control facility becomes a new facility. On the other hand, the legislature said nothing about the effect of an extension beyond the area for which a permit for use with special or hazardous waste has been granted but within the area of the regional pollution control facility as being a new facility. If the legislature had so intended, it would likely have so stated. Logically, the portion of the facility which has previously been authorized for use with special or hazardous wastes can be so small that its existence should not remove the entire tract from the status of being a new facility, but a mixed question of law and fact is involved in such a determination and the Agency should make an initial determination in this respect.

Pioneer calls our attention to the case of *Environmental Protection Agency v. Pollution Control Board* (1985), 138 Ill. App. 3d 550, 486 N.E.2d 293, *appeal allowed* (April 2, 1986), No. 63062. There, this court affirmed a decision of the Board requiring the Agency to grant a permit to the operator of a facility to open an additional trench for disposal of hazardous waste. The issue of whether the facility became a new regional pollution control facility or whether new section 39(c) of the Act was applicable was not raised. The appeal turned on the question of whether the Board was bound by factual de-

termination of the Agency in a permit case unless those determinations were contrary to the manifest weight of the evidence. Because of the difference in issues raised and because of the presently tentative nature of the decision, we do not deem it to be helpful.

■ Other contentions by the Agency can be disposed of summarily. As we are remanding to the Agency where a hearing will be held, the question of the sufficiency of the record it submitted to the Board is moot. The Board's determination that the Agency had suppressed debate arose from the determination that a hearing was mandated. We have discussed the confusion over procedure in the unique situation facing the Agency. No further discussion of the matter is necessary. The Board was not required to use its adjudicative power to decide the dispute concerning the licensing. (Ill. Rev. Stat. 1983, ch. 111½, pars. 1005(d), 1040.) The existence of a factual dispute as to whether the tract was a new regional pollution control facility precluded entering "judgment on the pleadings" upholding the Agency award. Unlike the dispute in *Illinois Power Co. v. Pollution Control Board* (1981), 100 Ill. App. 3d 528, 426 N.E.2d 1262, the dispute here is not necessarily so adversarial between Pioneer and the Agency that the Board will eventually have to decide it. Moreover, the mandate required a hearing before the Agency. Any question of the propriety of permitting the witness, Rapp, to testify before the Board or as to cross-examining him are also mooted by our remand for hearing.

■ In its appeal from the Board order, La Salle County contends that the Board erred in denying it leave to intervene in the Pioneer appeal to the Board. Under section 40(c) of the Act (Ill. Rev. Stat. 1983, ch. 111½, par. 1040(c)), the county could have appealed the Agency decision but there is no provision authorizing its intervention to uphold the appeal. Section 40(a)(1) of the Act provides that "[t]he agency shall appear as a respondent in such hearing [before the Board]," but does not require the joining of any other party as respondent. (Ill. Rev. Stat. 1983, ch. 111½, par. 1040(a)(1).) Rule 105.102, relied on by the county is of no aid to it. (35 Ill. Admin. Code, ch. I, sec. 105.102 (1982).) Rule 105.102(b)(6) applies only to National Pollutant Discharge Elimination System permit appeals. All other appeals to the Board, including those arising from the instant type of permit denial, are governed by Rule 105.102(a), which has no provision for intervening in an appeal to the Board on a permit denial by a party before the Agency who merely wishes to support the Agency order. The Board did not err in denying the county leave to intervene.

■ By supplemental brief, Pioneer points out that on January 30,

1986, the United States Environmental Protection Agency, acting pursuant to Federal statute (42 U.S.C. 6925 (1982)), published a decision, effective January 31, 1986, delegating its Resource Conservation and Recovery Act (RCRA) permit-issuance authority to the Agency. (See Ill. Rev. Stat. 1985, ch. 111½, par. 1003(vv).) Pioneer contends that it had previously filed a petition with the United States Environmental Protection Agency seeking an RCRA permit for the 177-acre tract. Pioneer also maintains that the instant petition should be merged with that RCRA petition and that Pioneer's pending request for relief should be processed under procedure for RCRA permits. We agree with the Agency that the petitions must be treated separately at the present time. The record concerning the RCRA request is not before us and we cannot determine whether the petition is sufficient or whether Pioneer has complied with conditions precedent, if any, to obtaining a hearing on that petition. Whether a hearing on any RCRA petition should be consolidated with a hearing on the instant petition would be a matter for decision, in the first instance, by the Agency. In any event, each petition would have to stand on its own merits.

As we have indicated, we affirm the decision of the Board reversing the decision of the Agency, and remanding the cause to the Agency for hearing. Such hearing shall be conducted in conformity with the directions of this opinion.

Affirmed and remanded with directions.

WEBBER and SPITZ, JJ., concur.