LAIDLAW WASTE SYSTEMS (MADISON), INC., Petitioner and Cross-Respondent, v. THE POLLUTION CONTROL BOARD *et al.*, Respondents and Cross-Petitioners.

Fifth District   No. 5—91—0004

Opinion filed June 18, 1992.

HARRISON, J., dissenting.

Brian E. Konzen and Leo H. Konzen, both of Lueders, Robertson & Konzen, of Granite City, for petitioner.

Roland W. Burris, Attorney General, of Springfield (Rosalyn B. Kaplan, Solicitor General, and Daniel N. Malato, Assistant Attorney General, of Chicago, of counsel), for respondent Pollution Control Board.

George J. Moran, Sr., of Callahan & Moran, P.C., of Trenton, for other respondents.

JUSTICE WELCH delivered the opinion of the court:

Laidlaw Waste Systems (Madison), Inc. (hereinafter Laidlaw), appeals from an order of the Pollution Control Board, entered November 29, 1990, which reversed the decision of the Village of Roxana Board of Trustees granting pollution control facility siting approval to Laidlaw. The Pollution Control Board (hereinafter Board) found that, because the application of Laidlaw for siting approval had been filed within two years of the disapproval of a previous application which was substantially the same as the present application, the Village of Roxana (Village) had no jurisdiction to consider the application pursuant to section 39.2(m) of the Environmental Protection Act (hereinafter Act) (Ill. Rev. Stat. 1989, ch. 111½, par. 1039.2(m)). That section provides as follows:

"An applicant may not file a request for local siting approval which is substantially the same as a request which was disapproved pursuant to a finding against the applicant under any of criteria (i) through (ix) of subsection (a) of this Section within the preceding 2 years." (Ill. Rev. Stat. 1989, ch. 111½, par. 1039.2(m).)

For reasons which follow, we reverse the decision of the Pollution Control Board and remand this cause to that Board for further proceedings.

The facts are as follows. On August 19, 1987, GSX Corporation of Illinois filed with Madison County an application requesting local siting approval for expansion of its regional pollution control facility. On February 8, 1988, the county denied the application for the reason that the applicant had failed to satisfy several of the criteria contained in subsection (a) of section 39.2. Ill. Rev. Stat. 1987, ch. 111½, par. 1039.2(a).

Subsequently, the regional pollution control facility in question was taken over by Laidlaw. It was also annexed to the Village of Roxana, giving the Village jurisdiction over any application for local siting approval for expansion of the facility. On January 2, 1990, Laidlaw

filed with the Village of Roxana a new application requesting local siting approval for expansion of the regional pollution control facility.

At public hearing on the application, held pursuant to section 39.2(d) of the Act (Ill. Rev. Stat. 1989, ch. 111½, par. 1039.2(d)), intervenors, the municipalities of Troy, Maryville, Edwardsville and Glen Carbon, through their attorney, made a motion to dismiss the application of Laidlaw for the reason, among others, that it is substantially the same as the previous application filed by GSX Corporation of Illinois, which was disapproved by the county board less than two years before the instant application was filed, all in violation of section 39.2(m) of the Act.

The hearing officer who presided over the hearing denied the motion to dismiss. He stated that the two-year proscription began to run as of the date of filing of the previous application, not as of the date of its disapproval. The instant application was filed more than two years after the filing of the previous application. The hearing officer also stated that the second application was not substantially the same as the previous application as it involved a "different facility."

On June 14, 1990, the Regional Pollution Control Hearing Committee of the Village of Roxana entered its findings of fact and recommendations. It found that all of the criteria set forth in section 39.2(a) had been satisfied and recommended that the application be approved. The committee made no express finding with respect to the motion to dismiss made by intervenors but found that the application conformed to the requirements of section 39.2 of the Act. On June 18, 1990, the Village of Roxana Board of Trustees adopted the findings of fact of the hearing committee and approved Laidlaw's request for siting approval for expansion of its regional pollution control facility.

Intervenors petitioned the Illinois Pollution Control Board for hearing to contest the decision of the Village of Roxana Board of Trustees pursuant to section 40.1 of the Act. (Ill. Rev. Stat. 1989, ch. 111½, par. 1040.1.) Public hearing was held before the Board on October 2, 1990, and on November 29, 1990, the Board rendered its decision reversing the decision of Village of Roxana Board of Trustees. Among the issues raised before the Board were whether fundamental fairness was denied when the hearing officer, rather than the hearing committee, decided the intervenors' motion to dismiss the application because it was filed within two years of the disapproval of a previous application and whether fundamental error occurred when the hearing committee failed to make a finding on this issue. The Board did not address these issues because it found that, in any event, the Village of

Roxana Board of Trustees had no jurisdiction over Laidlaw's application as it was, in fact, filed in violation of section 39.2(m) of the Act.

Acknowledging that no court had construed section 39.2(m) of the Act, the Board found that, based on the plain language of the statute, the two-year time period begins to run as of the date of *disapproval* of the previous application, not as of the date of its filing. The Board further found that the application filed by Laidlaw was "substantially similar" to the application previously filed by GSX Corporation of Illinois because both applications sought expansion of the same facility. The Board further found that it made no difference that the two applications were filed before different local governing bodies, *i.e.*, Madison County and the Village of Roxana. The Board concluded that, because Laidlaw's application was filed within two years of the disapproval of the previous, "substantially similar" application for expansion of the same facility, in violation of section 39.2(m) of the Act, the Village of Roxana Board of Trustees had no jurisdiction to consider the application. Accordingly, the Board reversed the decision of the Village of Roxana Board of Trustees granting siting approval to Laidlaw.

Laidlaw now appeals to this court pursuant to section 41 of the Act. (Ill. Rev. Stat. 1989, ch. 111½, par. 1041.) Laidlaw contends that the Board erred in three respects: (1) in construing the statute to mean that the two-year prohibition against refiling begins to run as of the disapproval of the previous application rather than its filing; (2) in exceeding its authority by deciding a question of fact (that the two applications were substantially the same) *de novo* instead of deciding whether the decision of the Village of Roxana Board of Trustees on this issue was against the manifest weight of the evidence; and (3) in finding that the two applications are substantially the same within the meaning of section 39.2(m) of the Act.

With respect to the first issue, we agree with the Board's interpretation of section 39.2(m) as prohibiting the filing of a new application within two years of the *disapproval* of a previous application. The meaning of a statute in the first instance is determined by the statutory language, and where the intent of the legislature can be ascertained from the language of a statute, it will be given effect without resorting to other aids of construction. (*Peoples Gas Light & Coke Co. v. Illinois Commerce Comm'n* (1987), 165 Ill. App. 3d 235, 240, 520 N.E.2d 46, 50.) Statutory language must be given its plain and ordinary meaning. *Laborer's International Union, Local 1280 v. State Labor Relations Board* (1987), 154 Ill. App. 3d 1045, 1058, 507 N.E.2d 1200, 1208.

■ Laidlaw argues that the language of section 39.2(m) is vague. We disagree and find it to be clear. That section provides:

> "An applicant may not file a request for local siting approval which is substantially the same as a request which was disapproved *** within the preceding 2 years." (Ill. Rev. Stat. 1989, ch. 111½, par. 1039.2(m).)

The phrase "within the preceding 2 years" can only refer to the disapproval, not the filing, of the previous application. Indeed, section 39.2(m) does not even refer to the filing of the previous application, but only to its disapproval. Thus, the plain language of section 39.2(m) establishes that if an application that is substantially the same has been disapproved within the two years prior to the filing of the second application, the second application is barred.

Laidlaw argues that interpreting the statute to require a two-year delay from the date of an adverse siting decision, instead of counting from the earlier date of the filing of that application, increases the difficulty of obtaining a local siting permit by unduly extending the time required to obtain approval. Laidlaw argues that this frustrates the policy set forth in section 20(b) of the Act to minimize environmental damage by reducing the difficulty of disposal of waste. (Ill. Rev. Stat. 1989, ch. 111½, par. 1020(b).) Laidlaw argues that the State cannot reduce the difficulty of waste disposal without locating sites for solid waste disposal. In presenting this argument, Laidlaw ignores the clear and plain language of section 39.2(m) and inappropriately resorts to other aids of construction.

In any event, we are not persuaded by Laidlaw's argument. While any period of prohibition against refiling applications makes it more difficult to obtain local siting approval and therefore more difficult to dispose of waste, Laidlaw does not challenge the existence of any prohibition period.

The legislature enacted section 39.2(m) to prohibit an applicant from requesting siting approval where substantially the same request had been disapproved within the preceding two years. It is likely that in enacting this section, the legislature intended to limit the frequency with which applications could be filed so that administrative and judicial resources could be efficiently utilized. We think the goal of section 39.2(m) was to prevent the duplicitous and repetitive filings of applications for siting approval to conserve administrative and judicial resources. We find no conflict between the stated policy of the Act and section 39.2(m).

While we are not bound by the agency's interpretation of statutory provisions, the agency's interpretation should be given great

weight. (*Reichhold Chemicals, Inc. v. Pollution Control Board* (1990), 204 Ill. App. 3d 674, 679, 561 N.E.2d 1343, 1346.) It will be overturned only if found to be erroneous. (*City of Decatur v. American Federation of State, County, & Municipal Employees, Local 268* (1988), 122 Ill. 2d .353, 361, 522 N.E.2d 1219, 1222.) In the instant case, we find the Board's interpretation of section 39.2(m) to be appropriate and correct. The two-year period referred to in section 39.2(m) begins to run as of the disapproval of a previous application which was substantially the same as the application under consideration.

Laidlaw's next argument is that the Board exceeded its authority when it decided that Laidlaw's application for local siting approval was substantially the same as the previous application filed by GSX Corporation of Illinois. Laidlaw argues that factual determinations, such as whether the two applications are substantially the same, are to be made by the local governing body and that the role of the Board is merely to determine whether the decision of the local governing body is against the manifest weight of the evidence. The Board may not decide factual issues *de novo*. Laidlaw argues that any factual finding of the Village may not be overturned by the Board unless it is against the manifest weight of the evidence.

■ Laidlaw is correct with respect to the standard of review to be utilized by the Board in reviewing the decision of the Village of Roxana.

> "In administrative law, the determinations and conclusions of the fact finder, in this case the [local governing body], are generally deemed conclusive. The reviewing tribunal is not allowed to determine issues independently, to substitute its own judgment, or to reweigh the evidence. In other words, the reviewing tribunal should not reverse the findings and conclusions initially reached simply because it would have weighed the evidence in a different manner." (*City of East Peoria v. Pollution Control Board* (1983), 117 Ill. App. 3d 673, 679, 452 N.E.2d 1378, 1383.)

Thus, the Pollution Control Board may not make its own findings of fact; it may only review the factual determinations of the local governing body and consider whether those findings are against the manifest weight of the evidence. *Kane County Defenders, Inc. v. Pollution Control Board* (1985), 139 Ill. App. 3d 588, 592, 487 N.E.2d 743, 746.

In the instant case, it is not clear what, if any, factual determination was made by the Village of Roxana with respect to the application of section 39.2(m) of the Act. The hearing officer who presided

over the hearing at the local level found both that the present application was not filed within two years of the previous application and that the two applications were not substantially the same. It is not clear whether the Village adopted either or both of these conclusions in approving the application of Laidlaw and thereby impliedly finding that section 39.2(m) did not bar the application. In other words, if the Village agreed with the hearing officer's erroneous conclusion that the application was filed outside the two-year period, it may also have decided, without consequence, that the two applications were, in fact, substantially the same. On the other hand, the Village may have made a factual determination that the two applications were not substantially the same, even if the second one was filed within the two-year period. It is evident, then, that the Pollution Control Board had no record or finding upon which to base any review of the decision of the Village on this question.

■ In any event, we find that the Pollution Control Board erred in ruling that the two applications were substantially the same. The Pollution Control Board ruled, as a matter of law, that where two applications for local siting approval seek approval for expansion of the same facility, they are "substantially similar" applications. Thus, the Pollution Control Board found, the second application may not be filed within two years of the disapproval of the first application regardless of any other differences between the two applications. We find this conclusion of the Board to be clearly erroneous and therefore reverse the decision of the Pollution Control Board and remand this cause to the Board for further proceedings not inconsistent with this order.

The opinion and order of the Board, dated November 29, 1990, recites at page six as follows:

> "The Board has reviewed the record, and believes that the two applications are indeed 'substantially similar.' Both applications seek expansion of the same facility."

While the opinion also states that it is irrelevant that the two applications were filed before different local governing bodies, it makes no mention of any other factors it considered in determining that the two applications are substantially the same. The opinion does not mention, and seems not to consider, any other differences or similarities between the two applications. We must conclude, therefore, that the Pollution Control Board concluded, as a matter of law, that two applications which seek expansion of the same regional pollution control facility are substantially the same within the meaning of section 39.2(m) regardless of any other differences between them. We find no support for such an interpretation of section 39.2(m).

Section 39.2(m) sets forth no criteria for determining when two applications are substantially the same. It contains no language to lead us to believe that the legislature intended what the Board construed, and we are not prepared to establish such a rule of law. We can envision situations where two applications relating to the same facility may not be similar in any other respect except that they relate to the same facility. We believe that the two applications must be reviewed as a whole, considering the criteria of section 39.2(a), to determine whether there are sufficient significant differences between them that they do not constitute applications which are substantially the same.

Accordingly, we reverse the decision of the Pollution Control Board. We remand this cause to that Board for proper review, in accordance with the applicable law set forth herein, of the decision of the Village of Roxana Board of Trustees. We note that, where the Board determines that fundamental fairness requires supplemental proceedings before the local governing body, it may remand the cause to that body for further proceedings. (*City of Rockford v. County of Winnebago* (1989), 186 Ill. App. 3d 303, 309, 542 N.E.2d 423, 428.) Thus, the Board may, if it feels it necessary, remand this cause to the Village of Roxana Board of Trustees for supplemental proceedings and entry of its findings and conclusions with regard to this issue.

For the foregoing reasons, the decision of the Pollution Control Board is reversed, and this cause is remanded to that Board for further proceedings not inconsistent with this order.

Reversed and remanded.

GOLDENHERSH, P.J., concurs.

JUSTICE HARRISON, dissenting:

I agree that the two-year time period specified in section 39.2(m) of the Environmental Protection Act (Ill. Rev. Stat. 1989, ch. 111½, par. 1039.2(m)) did not begin to run until the previous application was disapproved. I also agree that the Pollution Control Board erred in concluding that Laidlaw's application is "substantially the same" as that previous application. What I cannot agree with is Justice Welch's conclusion that this matter should be remanded to the Board for further review. I would reverse outright.

Contrary to Justice Welch's view, no "manifest weight" questions are posed by this appeal. To determine whether Laidlaw's present application is "substantially the same" as the previously denied applica-

tion and thus barred by the two-year period set forth in section 39.2(m) (Ill. Rev. Stat. 1989, ch.111½, par. 1039.2(m)), the only facts that need be considered are the contents of the applications themselves. Those applications are in the form of written documents, and their contents are fixed, certain, and uncontroverted. Accordingly, the only real question before us is what legal effect these uncontroverted facts should be given, *i.e.*, whether they should be deemed to fall within the prohibition of the statute.

When facts are undisputed their legal effect becomes a question of law. (*Lindsey v. Edgar* (1984), 129 Ill. App. 3d 718, 721, 473 N.E.2d 92, 94; see also *B.F. Gump Co. v. Industrial Comm'n* (1952), 411 Ill. 196, 198, 103 N.E.2d 504, 506.) It is well established in this State that a reviewing court is not bound by an administrative agency's conclusions of law. (*Chemetco, Inc. v. Pollution Control Board* (1986), 140 Ill. App. 3d 283, 286, 488 N.E.2d 639, 641.) Rather, the reviewing court must exercise independent review and judgment on such questions. (*Illinois Bell Telephone Co. v. Human Rights Comm'n* (1989), 190 Ill. App. 3d 1036, 1046, 547 N.E.2d 499, 506.) As a result, neither the views of the Village of Roxana nor the findings of the Pollution Control Board are or can be dispositive on the question of whether the two applications at issue in this case are "substantially the same."

In acting as it did, the Pollution Control Board relied exclusively on the fact that the two disputed applications seek expansion of the same regional pollution control facility. As Justice Welch correctly points out, however, this factor is not sufficient, standing alone, to make those applications "substantially the same" within the meaning of section 39.2(m) of the Environmental Protection Act (Ill. Rev. Stat. 1989, ch. 111½, par. 1039.2(m)). Rather, the question of "substantial sameness" is to be gauged according to the criteria set forth in section 39.2(a) of the Act (Ill. Rev. Stat. 1989, ch. 111½, par. 1039.2(a)).

Even if we assume, for the sake of argument, that proper application of these criteria normally requires specialized scientific or technical knowledge within the agency's expertise, that still does not furnish a reason for ordering this particular case to be taken up again by the Pollution Control Board. In this case, the substantive criteria are not in question. Determinations have already been made at the administrative level that Laidlaw's application complied with those criteria, while the previous application did not. These determinations were not challenged and are no longer subject to change. In my view, this now immutable difference is sufficient in itself to prevent the applications from ever being regarded as "substantially the same." Given this, I

fail to see what possible purpose would be served by allowing further administrative proceedings on remand.

For the foregoing reasons, I would reverse outright the Board's order finding that the Village had no jurisdiction to consider the application, and I would affirm the Village's decision granting Laidlaw's application. Accordingly, I dissent.