LAND AND LAKES COMPANY *et al.*, Petitioners-Appellants, v. THE POLLUTION CONTROL BOARD *et al.*, Respondents-Appellees.

Third District   No. 3—92—0496

Opinion filed May 27, 1993.—Modified on denial of rehearing June 30, 1993.

Stephen F. Hedinger, of Mohan, Alewelt, Prillaman & Adami, of Springfield (Fred C. Prillaman, of counsel), for petitioners.

Roland W. Burris, Attorney General, of Springfield (Rosalyn B. Kaplan, Solicitor General, and Deborah L. Ahlstrand, Assistant Attorney General, of Chicago, of counsel), for respondent Pollution Control Board.

Lyman C. Tieman, of Lyman C. Tieman & Associates, of Joliet, for respondent Village of Romeoville.

James Glasgow, State's Attorney, of Joliet, and Matthew M. Klein and Glenn C. Sechen, both of Schain, Firsel & Burney, Ltd., of Chicago (Richard I. Siegel and Misty Turner, Assistant State's Attorneys, of counsel), for respondent County of Will.

Nancy A. McKeating, of Schwartz & Freeman, of Oakbrook Terrace, for *amici curiae*.

PRESIDING JUSTICE McCUSKEY delivered the opinion of the court:

The petitioners, Land and Lakes Company, J M C Operations, Inc., and N B D Trust Company of Illinois, as trustee under trust No. 2624EG, own and operate the Willow Ranch landfill (landfill). The landfill is located in Will County within the corporate boundaries of the Village of Romeoville (Village). The Village denied the petitioners' application for site approval of a proposed expansion of the landfill. The Illinois Pollution Control Board (Board) affirmed the Village's decision, and the petitioners appeal from the Board's ruling.

The petitioners raise six issues on appeal: (1) whether the landfill siting approval process of section 39.2 of the Environmental Protection Act (Act) (Ill. Rev. Stat. 1991, ch. 111½, par. 1039.2), which provides for decision making by local legislative bodies, is unconstitutional; (2) whether the Board erred in allowing Will County to intervene in the proceedings; (3) whether the Board lacked jurisdiction to reconsider its decision after the Board made its initial ruling; (4) whether the Board erred in failing to hold the Village bound by the factual assertions the Village made before the Board; (5) whether the Board erred in entering an order remanding the cause to the Village; and (6) whether the Board erred in determining that the pro-

posed landfill expansion was not necessary to accommodate the waste needs of the intended service area.

Based upon our review of the record, we conclude that Will County deprived the petitioners of a fundamentally fair hearing on the application for site approval of the proposed landfill expansion. Will County's attorney failed to disclose to the Village's hearing officer that Will County was taking legal action to prevent the reopening of the Wheatland Prairie Landfill (Wheatland). As a result, the Village's hearing officer made his findings of fact based upon the incorrect assumption that Wheatland was an available site to accept waste from the area intended to be served. As a consequence, we reverse the Board's rulings and remand the cause to the Village for a completely new public hearing.

In March 1990, an advisory referendum was held in the Village. In response to the question of whether the Village should approve the expansion of the landfill, 1,561 voters voted against the landfill expansion, while only 323 voters supported the proposal. The petitioners subsequently filed an application for local siting approval of the landfill expansion pursuant to section 39.2 of the Act (Ill. Rev. Stat. 1991, ch. 111½, par. 1039.2). The 1,100-page application set out detailed documentation regarding the relevant statutory criteria required for siting approval. (See Ill. Rev. Stat. 1991, ch. 111½, par. 1039.2(a).) A public hearing concerning the application was held before a hearing officer hired by the Village. Will County also participated in the public hearing as a party.

The petitioners presented the testimony of three witnesses regarding the first statutory criterion, which requires that "the facility is necessary to accommodate the waste needs of the area it is intended to serve" (Ill. Rev. Stat. 1991, ch. 111½, par. 1039.2(a)(i)). Charles Haas, an environmental consultant, had prepared a study of the petitioners' intended service area which included portions of Will, Du Page and Cook Counties. Haas testified the landfill expansion was necessary to meet the waste disposal needs of the intended service area. Haas stated in his written report that "[u]nless additional capacity is placed on line, a deficiency [in disposal capacity] will occur as soon as 1992 for the service area and 1993 for Will County." Haas excluded Wheatland from his analysis. While Wheatland had available capacity and was located within the intended service area, the record discloses that Wheatland ceased receiving waste as of March 1990. During cross-examination by a Will County assistant State's Attorney, Haas was pointedly asked whether Wheatland could, in fact, reopen at any time. Haas answered, "Yes." The assistant State's Attorney

then asked Haas a lengthy series of questions about whether Wheatland should have been included in Haas' report. Haas later testified that there was no reasonable expectation Wheatland would ever reopen.

Rolf Campbell, a planning and zoning consultant, and James Ambroso, vice-president of environmental affairs for Land and Lakes, also testified that the proposed landfill expansion was needed. During cross-examination, Will County's assistant State's Attorney asked both Campbell and Ambroso whether Wheatland could be reopened at any time. Both responded that it could.

Kevin Standbridge, Will County's solid waste director, testified on behalf of Will County on the issue of need. He testified the landfill expansion was not necessary to meet the waste disposal needs of either Will County or the petitioners' intended service area. Standbridge testified that Wheatland had only temporarily suspended its landfill operations. He specifically stated the closing "is in no way a permanent or *** long term closing of the facility."

Following the public hearing, Will County submitted its written argument and proposed findings of fact. Will County argued that existing landfills, including Wheatland, were available to fill the waste disposal needs of the intended service area. Will County further argued that Haas' testimony on behalf of the petitioners was unpersuasive because he did not consider Wheatland in assessing need. Will County stated, "Haas discounted Wheatland even though he admitted it was closed only to reserve space for when it could bring a better price, and that it could reopen at any time."

Based upon this evidence, the Village's hearing officer prepared a recommended decision and his findings of fact. The hearing officer recommended to the Village that the petitioners' application be denied. He found the Village did not have jurisdiction to approve the proposed siting application because the petitioners had failed to notify two neighboring landowners of the filing of the application. The hearing officer also recommended to the Village that the application be denied because the petitioners had failed to meet the burden of proving that the landfill expansion was needed. The Village's hearing officer specifically found that Wheatland should have been taken into account by the petitioners' witnesses because it could be reopened at any time and "[t]here was no evidence that there is any technical problem with the Wheatland site." The hearing officer further found it was likely that Wheatland would be reopened before the remaining capacity was exhausted in the intended service area.

The Village Board held a meeting on December 6, 1990, to review the petitioners' application for site approval. On the same day, the petitioners filed a motion to supplement the record. Attached to the motion was a copy of a complaint filed by Will County. The complaint stated that Will County was seeking to enjoin any further operation of Wheatland based upon alleged environmental hazards. A docket sheet was also attached to the motion. The docket sheet indicated that the case was still pending in the circuit court of Will County.

At the meeting, Will County argued that the petitioners' motion to supplement the record should be denied. Will County contended the lawsuit was not relevant to the petitioners' application because no injunction had been entered by the circuit court. The attorney representing the petitioners disagreed, stating:

> "I can't really believe what I'm hearing from lawyers who are involved in a lawsuit right down the road in Joliet that says that Wheatland Prairie Landfill is such a bad place, so environmentally unsafe that it should be shut down and yet they stand before this Board in all of our hearings that lasted over three weeks [and] said that Wheatland Prairie should be considered in your consideration of need."

The Village Board granted the petitioners' motion and agreed to take judicial notice of the lawsuit. The Village's hearing officer was also present at the meeting. However, the hearing officer stated at the meeting that *he did not know there was a lawsuit pending regarding Wheatland.*

At a meeting held on December 12, 1990, the Village voted to deny the petitioners' application for site approval. The written resolution adopted by the Village stated that the petition was denied because the petitioners failed to give proper notice of the filing of their siting application. Also, we note the Village's resolution included the hearing officer's recommended findings regarding Wheatland. Finally, the Village's resolution denying the petitioners' application for site approval also included written "conditions to approval."

The petitioners then filed an appeal with the Board. The Board allowed Will County to intervene in the appeal, over the objection of the petitioners.

The petitioners argued to the Board that they were entitled to a new hearing because the proceedings before the Village lacked fundamental fairness. The petitioners specifically contended that Will County took part in an active campaign to deprive the petitioners of a fundamentally fair hearing before the Village. The petitioners noted that Will County failed to inform the Village's hearing officer that

Will County was suing to permanently close Wheatland. The petitioners also argued that, absent a decision in their favor on the other grounds raised, "this cause should be remanded to the Village for further proceedings calculated to assure fundamental fairness."

The Board issued its initial decision on August 26, 1991. The Board disagreed with the Village's jurisdictional ruling concerning legal notice. The Board determined that the petitioners had properly notified all property owners within 250 feet of the subject property as required by the Act (Ill. Rev. Stat. 1991, ch. 111½, par. 1039.2(b)). However, the Board also determined that the Village failed to notify two State legislators of the public hearing. The notice to the legislators was statutorily required by section 39.2(d) of the Act. (Ill. Rev. Stat. 1991, ch. 111½, par. 1039.2(d).) The Board held that the Village's failure to provide the required legal notice to the State legislators voided the Village's ruling on the petitioners' application for site approval. As a consequence, the Board concluded that the Village failed to render a valid decision within the mandatory time period provided by the Act (Ill. Rev. Stat. 1991, ch. 111½, par. 1039.2(e)). Finally, the Board concluded that as a result of the Village's failure to render a valid decision within the statutory time limits, the Act mandated approval of the petitioners' application even though the Village had denied the application.

After the Village and Will County both filed a joint motion to reconsider, the Board rendered a new decision on December 6, 1991. The Board concluded that it had the necessary legal authority to reconsider its earlier determination. On reconsideration, the Board found that proper notice had, in fact, been given to the two State legislators. The Board then remanded the cause to the Village so that it could clarify its earlier ruling. The Board stated that a denial of the application by the Village which included written "conditions to approval" was confusing and therefore not permissible. The Board instructed the Village that the sole issue to be decided on remand was whether the petitioners met their burden of proving a need for the proposed landfill expansion.

On January 8, 1992, the Village adopted a resolution finding the proposed landfill expansion was not necessary to accommodate the waste needs of the intended service area. The Village's decision was based solely on the evidence admitted into the record during the 1990 public hearing. No further public hearing was held and no additional evidence was considered by the Village. The petitioners again appealed to the Board. The Board affirmed the Village's determination.

The Board concluded that the Village's findings were not against the manifest weight of the evidence. This appeal follows.

■ As a preliminary matter, the Board contends that we do not have jurisdiction to hear this appeal because the petitioners did not seek a rehearing before the Board prior to filing the notice of appeal. The Board relies upon *Castaneda v. Illinois Human Rights Comm'n* (1989), 132 Ill. 2d 304, 547 N.E.2d 437. This court recently rejected the same argument in *Strube v. Pollution Control Board* (1993), 242 Ill. App. 3d 822, 825-26. We continue to follow the reasoning set forth in *Strube*. Accordingly, we hold that we have jurisdiction to hear this appeal. Once again, we conclude that petitioners are not required to request a rehearing before the Board prior to filing their notice of appeal.

The petitioners initially argue that the landfill siting process set out in section 39.2 of the Act violates the separation of powers clause of the Illinois Constitution since it provides for decision making by local legislative bodies (Ill. Const. 1970, art. II, §1). The petitioners contend the Act violates separation of powers principles because it allows local municipal authorities, which are legislative bodies, to perform judicial acts.

The Act was amended in 1981 to give local authorities the specific power to approve landfill site locations. (Ill. Rev. Stat. 1991, ch. 111½, par. 1039.2; *E & E Hauling, Inc. v. Pollution Control Board* (1985), 107 Ill. 2d 33, 37, 481 N.E.2d 664, 665.) Prior to the amendment, it was the responsibility of the Illinois Environmental Protection Agency to approve landfill sites and expansions. (*E & E Hauling*, 107 Ill. 2d at 37, 481 N.E.2d at 665.) The courts of this State have clearly recognized that local governing bodies are engaging in an adjudicatory function when they make landfill site determinations. See *E & E Hauling*, 107 Ill. 2d at 43, 481 N.E.2d at 668; *A.R.F. Landfill, Inc. v. Pollution Control Board* (1988), 174 Ill. App. 3d 82, 89, 528 N.E.2d 390, 394-95.

All statutes are presumed constitutional. The party challenging a statute has the burden of clearly establishing any constitutional infirmity. (*Opyt's Amoco, Inc. v. Village of South Holland* (1992), 149 Ill. 2d 265, 277, 595 N.E.2d 1060, 1066.) Our supreme court has historically regarded the doctrine of separation of powers to mean that the whole power of two or more of the branches of the government may not be lodged in a single branch of government. (*McAlister v. Schick* (1992), 147 Ill. 2d 84, 91, 588 N.E.2d 1151, 1154; *Strukoff v. Strukoff* (1979), 76 Ill. 2d 53, 58, 389 N.E.2d 1170, 1172.) Thus, the doctrine of separation of powers does not contemplate rigidly separated compart-

ments of government or a complete divorce among the three branches of the government. (*McAlister*, 147 Ill. 2d at 95, 588 N.E.2d at 1155-56; *Strukoff*, 76 Ill. 2d at 58, 389 N.E.2d at 1172.) Nor does our Illinois Constitution forbid every exercise of power by one branch of the government which includes functions usually exercised by another branch of government. (*McAlister*, 147 Ill. 2d at 95, 588 N.E.2d at 1156.) "The separate spheres of governmental authority may overlap." *McAlister*, 147 Ill. 2d at 95, 588 N.E.2d at 1156.

█ Section 39.2 of the Act specifically gives local governing bodies the authority to make determinations approving or disapproving applications for landfill expansions. The Act enumerates the specific criteria that local governing bodies are required to consider in making landfill site determinations. (Ill. Rev. Stat. 1991, ch. 111½, par. 1039.2(a).) Further, the Act sets forth a time schedule which must be strictly followed in the decision-making process. (Ill. Rev. Stat. 1991, ch. 111½, pars. 1039.2(d), (e).) The Act also provides that local government decisions may be reviewed by an administrative agency (Ill. Rev. Stat. 1991, ch. 111½, par. 1040.1(a)), and the appellate court (Ill. Rev. Stat. 1991, ch. 111½, par. 1041(a)). Following our review of the Act, we find the Act does not provide an improper concentration of decision-making power in one branch of government. Therefore, we conclude the petitioners failed to meet their burden of establishing that section 39.2 of the Act is unconstitutional.

The petitioners also argue the Board erred in allowing Will County to intervene in the appeals process. The petitioners specifically contend the Board lacked statutory authority to allow Will County's intervention. The petitioners assert that it is well established that third-party objectors are precluded from joining as parties in an appeal from the denial of a landfill siting application. (See *Waste Management of Illinois, Inc. v. Pollution Control Board* (1987), 160 Ill. App. 3d 434, 444, 513 N.E.2d 592, 598; *McHenry County Landfill, Inc. v. Environmental Protection Agency* (1987), 154 Ill. App. 3d 89, 95, 506 N.E.2d 372, 376.) The petitioners rely primarily upon *County of La Salle ex rel. Peterlin v. Pollution Control Board* (3d Dist. 1986), 146 Ill. App. 3d 603, 497 N.E.2d 164. In that case, we concluded the Board properly denied La Salle County's petition for leave to intervene. *Peterlin*, 146 Ill. App. 3d at 611, 497 N.E.2d at 170.

In the instant appeal, the Board allowed Will County's intervention based upon *Pioneer Processing, Inc. v. Environmental Protection Agency* (1984), 102 Ill. 2d 119, 464 N.E.2d 238. In *Pioneer Processing*, our supreme court held that the Attorney General had authority to seek appellate review of a decision of the Pollution Control Board,

even though the Attorney General was not a party to the underlying proceedings. The court noted that the Attorney General, as the chief legal officer of the State, had "the duty and authority to represent the interests of the People of the State to insure a healthful environment." *Pioneer Processing*, 102 Ill. 2d at 138, 464 N.E.2d at 247.

Here, the Board found the State's Attorney of Will County was a constitutional officer whose rights and duties are analogous to those of the Attorney General. The Board reasoned that the State's Attorney of Will County, as a State official representing the public interest, was different from a private citizen acting as a third-party objector. Thus, the Board reasoned the State's Attorney of Will County had standing to intervene so he could act on behalf of the citizens of Will County. We agree with the Board's analysis and reasoning.

■ In appropriate circumstances, such as we find here, the Board has the authority to allow State officials who represent the public interest to intervene in appeal proceedings before the Board. We also find it was appropriate for the Board to allow Will County to intervene in this case since it was a party to the initial proceedings before the Village. Also, the State's Attorney of Will County sought intervention because of his "interest in protecting the health and environment within which the People of Will County must live and work." Finally, we conclude the Board's determination was distinguishable from our prior decision in *Peterlin*. There is no indication in *Peterlin* that La Salle County argued before this court that it should have been allowed to intervene to represent the public interest based upon the supreme court's reasoning in *Pioneer Processing*. See *Peterlin*, 146 Ill. App. 3d at 611, 497 N.E.2d at 170.

The petitioners next argue that the Board did not have authority to reconsider its decision after it initially ruled in favor of the petitioners. The petitioners argue that the Board does not have the legal authority to reconsider its rulings because the Act specifically does not provide for reconsideration or rehearing. We find this argument to be meritless.

■ The Act grants the Board the authority to adopt procedural rules "as may be necessary to accomplish the purposes of this Act." (Ill. Rev. Stat. 1991, ch. 111½, par. 1026.) The Board's rules provide that parties may file a motion for reconsideration or modification of a final order within 35 days of the order. (35 Ill. Adm. Code §§101.246, 101.300 (1991).) This court has previously recognized that, while there is no authority for the Illinois Environmental Protection Agency to reconsider its rulings, the Board does have that authority. *Reichhold*

*Chemicals, Inc. v. Pollution Control Board* (1990), 204 Ill. App. 3d 674, 678, 561 N.E.2d 1343, 1345.

The petitioners also contend the Board should not have reconsidered its ruling because the Village was bound by its prior judicial admission that two State legislators did not receive notice of the public hearing. At the first hearing before the Board, the Village and Will County presented the affidavits of two State legislators concerning the notice issue. The petitioners argued that neither legislator made an express affirmative statement that he did not receive notice of the public hearing. However, the Village argued the affidavits established that neither legislator received notice of the public hearing.

The Village's original position before the Board was that it was the petitioners' responsibility to provide notice of the public hearing. The Village and Will County both mistakenly believed the two State legislators did not receive notice. As a consequence, the Village and Will County erroneously argued that because the petitioners failed to give notice, the Village did not have jurisdiction over the siting application. After the Board finally concluded it was the duty of the *Village* to give the notice, the Village searched its records and found proof that the Village clerk had, in fact, sent the required notice. Based upon this new information, the Board then reconsidered its decision and changed its initial ruling.

Will County contends the Village was not bound by its argument before the Board concerning notice because that argument was the result of either mistake or inadvertence. Will County argues that admissions are not conclusive when they are made either through mistake or inadvertence. See *American National Bank & Trust Co. v. Erickson* (1983), 115 Ill. App. 3d 1026, 1029, 452 N.E.2d 3, 6; *Colgan v. Premier Electrical Construction Co.* (1981), 92 Ill. App. 3d 407, 412, 414 N.E.2d 1364, 1368.

■ Based upon the unique facts in this record, we find the Board properly reconsidered its initial ruling. If we forced the Village to be bound by a factually incorrect argument, then we would be holding that an erroneous ruling could never be corrected. We do not intend such an absurd result. We find the Board properly corrected its ruling to be consistent with the proof contained in the record.

The petitioners next argue the Board erred in remanding the cause to the Village for clarification of the resolution. The petitioners contend the Board clearly found the resolution to be invalid. Petitioners argue the only proper ruling the Board could have made under the circumstances was to find the Village failed to render a valid decision within the time limit required by the Act. If we accepted the pe-

titioners' argument, we would automatically approve the siting application for expansion of the landfill. However, we find the petitioners' argument is not persuasive on this issue. Therefore, automatic approval of petitioners' application is denied.

Section 39.2(e) of the Act provides, "[i]f there is no final action by the county board or governing body of the municipality within 180 days after the filing of the request for site approval the applicant may deem the request approved." (Ill. Rev. Stat. 1991, ch. 111½, par. 1039.2(e).) A "final action" by the local authority "need only be sufficiently final to justify an appeal to the [Board]." *McHenry County Landfill, Inc. v. Environmental Protection Agency* (1987), 154 Ill. App. 3d 89, 98, 506 N.E.2d 372, 378; see also *McLean County Disposal, Inc. v. County of McLean* (1991), 207 Ill. App. 3d 477, 488, 566 N.E.2d 26, 33 (final action necessary is the initial order of the local authority which approves or denies the siting application).

■ Here, the record shows the Village issued a written resolution within the statutory time limit required by the Act. The resolution clearly denied the petitioners' application for site approval based upon the Village's determination that it did not have jurisdiction to approve the application. We find unpersuasive the argument that the Village failed to take final action because of the Board's remand order. The Village's decision was final and therefore justified an appeal to the Board. *McLean County Disposal*, 207 Ill. App. 3d at 480, 566 N.E.2d at 28.

The petitioners additionally argue, however, that the Board's remand order was not a sufficient cure to the "fundamentally unfair" hearings conducted by the Village. We agree. Courts have previously noted that a public hearing before a local governing body is the most critical stage of the site approval process mandated by section 39.2 of the Act. (*McLean County Disposal, Inc. v. County of McLean* (1991), 207 Ill. App. 3d 477, 480, 566 N.E.2d 26, 28.) This is because the public hearing clearly provides the only opportunity for public comment in the entire administrative process. The Act provides that, in reviewing a section 39.2 decision on site approval, the Board must consider the fundamental fairness of the procedures used by the local governing body in reaching its decision. (Ill. Rev. Stat. 1991, ch. 111½, par. 1040.1(a).) Because the public hearing procedure is so critical, we conclude that the Board should have made meaningful inquiry into whether fundamental fairness occurred during the public hearing. Based on the record, we determine the petitioners were not given a full and complete opportunity to present evidence in support of their application. (*Cf. Fairview Area Citizens Taskforce v. Pollution Con-*

*trol Board* (1990), 198 Ill. App. 3d 541, 549, 555 N.E.2d 1178, 1183.) Therefore, we hold that the petitioners were denied their right of fundamental fairness during the public hearing held by the Village.

Here, we find the availability or nonavailability of the Wheatland landfill is extremely crucial to the issue of whether the petitioners' proposed landfill expansion is needed. Will County did *not* disclose at the public hearing before the hearing officer that it was involved in litigation seeking to enjoin the reopening of Wheatland. That litigation is based upon Wheatland's alleged environmental problems. Instead, Will County's assistant State's Attorney cross-examined the petitioners' witnesses seeking admissions from them that Wheatland could be reopened at any time. Will County in fact presented evidence before the hearing officer that Wheatland's closing was only temporary. Following the presentation of evidence, Will County then urged the hearing officer to consider Wheatland as an available site to accept waste.

■ When the petitioners became aware of Will County's pending lawsuit against Wheatland, they filed a motion to supplement the record. Will County argued that the motion should be denied. The Village granted the petitioners' motion and took judicial notice of the lawsuit. However, the Village included in its resolution the hearing officer's proposed findings of fact regarding Wheatland. We determine that the Village's resolution was improper because the hearing officer clearly stated on the record that he was *not* aware of Will County's lawsuit when he made his findings. As a result, we find the Village improperly considered the factually incorrect findings of the hearing officer. Accordingly, we conclude that fundamental fairness requires the Village to conduct a completely new hearing so sufficient inquiry can be made concerning the availability of the Wheatland site as well as all other issues.

Will County argued before the Board and this court that the petitioners' proposed expansion is not necessary because of Wheatland's availability. However, at oral argument, Will County admitted that its lawsuit which seeks the permanent closing of Wheatland is still pending. Furthermore, Will County also admitted to this court that Wheatland has been closed during the entire pendency of these proceedings, including this appeal. We cannot condone Will County's gamesmanship. It was improper for Will County to mislead the hearing officer into making factually incorrect assumptions concerning Wheatland's availability while at the same time taking court action to have Wheatland permanently closed.

Where fundamental fairness requires supplemental proceedings before the local governing body, the Board may remand the cause to that body for additional proceedings. (*Laidlaw Waste Systems (Madison), Inc. v. Pollution Control Board* (1992), 230 Ill. App. 3d 132, 139, 595 N.E.2d 600, 605; *City of Rockford v. County of Winnebago* (1989), 186 Ill. App. 3d 303, 309, 542 N.E.2d 423, 428.) We conclude that, based upon the record, the Board erred when it did not remand this cause to the Village with instructions that the Village conduct a completely new public hearing to assure fundamental fairness in the administrative process.

For the reasons indicated, we reverse the rulings of the Board and remand the cause to the Village so it can hold a new public hearing on the petitioners' application for expansion of the landfill.

Reversed and remanded.

STOUDER and BRESLIN, JJ., concur.